JAMES W. MONEYHAM, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 11, 1915.

FALSE PRETENSES—CRIMINAL INTENT TO DEFRAUD.

Where the indictment charges the defendant with obtaining $44.90 worth of goods from a firm of merchants residing and doing business at the county seat of the county wherein the venue of the crime is laid by falsely pretending and asserting that he was the owner of two certain mules and that said mules were unencumbered and free from any adverse claims, and

that he would give a mortgage on said two mules and on all of his crops to secure the repayment of the sums advanced to him. That he did give the mortgage as agreed, but that said representations so made as to said mules being owned by him and being unencumbered and free from adverse claims were false, that said two mules were not owned by him, but were the property of the Mizell Live Stock Company, a corporation, and that they were not free from encumbrances and adverse claims, and that he knew that said representations and pretenses were false and untrue, and so knowing, with intent to defraud the prosecutors designedly, knowingly and fraudulently made the said false representations with intent to injure and defraud the prosecutors. And where the proofs to support such charge showed that the mortgage taken by the prosecutors from the defendant was for the aggregate sum of $75.00 to secure in part a past due indebtdness and such future advances as might be made to him. That one of the mules included in said mortgage was in fact owned by the defendant and was otherwise unencumbered. That the other mule included therein was one of a pair of mules purchased by the defendant from the Mizell Live Stock Company at the price of $160.00 for the pair which purchase price he had paid except a small balance of $40.00. That when he purchased said pair of mules from said Mizell Live Stock Company they took from him a retain title note for the purchase money of $160.00 providing that the title to said two mules should remain in the sellers until said note should be fully paid, and that all of it had been paid except the sum of $40.00. That said retain title note was recorded in the public records at Marianna the County seat where the prosecutors resided and conducted their business, and where they could within a few minutes have discovered the true status of the mule they were taking a mortgage upon. Under these circumstances, Held: That these proofs do not show that said representations were made with that criminal intent to deceive and defraud that will render the defendant criminally liable therefor.

Writ of error to Circuit Court for Jackson County; D. J. Jones, Judge.

Judgment reversed.

*John H. Carter,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, C. J.—The defendant below, plaintiff in error here, was convicted in the Circuit Court of Jackson County of the crime of obtaining goods by false and fraudulent pretenses, and brings his conviction and sentence here for review by writ of error.

The indictment in two counts charges that the defendant obtained from the prosecutors, a firm of merchants at Marianna, the County seat of Jackson County, forty-four dollars and ninety cents worth of enumerated goods by falsely pretending and asserting that he was the owner of two certain described mules and that said mules were unencumbered and free from any adverse claims, and that he would give a mortgage on said mules and on all of his crops to secure the repayment of the sums advanced to him. That he did give the mortgage as agreed, but that said representations so made as to said mules being owned by him and being unencumbered and free from adverse claims were false that said two mules were not owned by him, but were the property of the Mizell Live Stock Company, a corporation, and that they were not free from encumbrances and adverse claims, and that he knew thát said representations and pretenses were false and untrue and so knowing, with intent to defraud the prosecutors designedly, knowingly and fraudulently made the said false representations with intent to injure and defraud the said prosecutors. The proofs show that the

mortgage taken by the prosecutors from the defendant was for the aggregate sum of seventy-five dollars to secure a past due indebtedness in part and such future advancements as might be made to him. That one of the mules included in the mortgage was in fact owned by the defendant and was otherwise unencumbered. That the other mule included in said mortgage was one of a pair of mules purchased by the defendant from the Mizell Live Stock Company at a price for the pair of $160.00, which purchase price he had paid except a small balance of $40.00. That when he purchased said pair of mules from the Mizell Live Stock Company they took from him a retain title note for the purchase money of $160.00, providing that the title to said two mules should remain in the sellers until said note should be fully paid. That all of said note was paid except the sum of $40.00. In view of the fact that the Mizell Live Stock Company's retain title note was recorded in the public records of the County at Jackson where the prosecutors did business and where they could within a few minutes have discovered the true status of the mule they were taking a mortgage upon, and of the fact that all but a small balance of said retain title note given for the purchase price of said pair of mules had been paid, and in view of the fact that as to one of the mules covered by said mortgage to the prosecutors there was no false representation, and as to the other one of said mules said representations were only technically false; and in view of the fact that said mortgage was for only the sum of $75.00, part of it for a past due indebtedness, and that it covered other property besides the said two mules, we do not think that it has been shown that said representations were made with that criminal intent to deceive and defraud that will render the defendant criminally liable therefor.

The judgment of the court below is, therefore, hereby reversed at the cost of Jackson County.

SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ., concur.