CLARENCE W. HEWITT and ELIZABETH. HEWITT, *Appellants,*
v. PUNTA GORDA STATE BANK, *Appellee.*

145 So. 883.

Division B.

Opinion filed January 13, 1933.

*Thomas W. Butler,* for Appellants;

*Leitner & Leitner,* for Appellee.

BROWN, J.—The bill in this case is hardly sufficient as' a creditor's bill in that it nowhere alleges that the judgment debtor had only an equitable title to the property. George E. Sebring Co. v. O'Rourke 101 Fla. 885, 134 So. 556; Cowdery v. Herring 143 So. 433. Nor does the bill allege that the fraudulent conveyances are obstacles to the full enforcement of the judgment, not is there any prayer for the vacation or cancellation of such fraudulent conveyances. nor to remove them as clouds on the title to the property. Balsey v. Union Cypress Co. 110 So. 263, 92 Fla. 706; Punta Gorda State Bank v. Wilder 112 So. 569, 93 Fla. 301. The bill alleges' that transfers of certain property were made for

the purpose of hindering, delaying and defeating complainant's judgments. This is in substance about all that the bill alleges. The only prayer of the bill was that the property be decreed to be the property of the judgment debtors. While no objection to the prayer of a bill can be raised by a motion to dismiss or demurrer, the allegations of the bill in this case are not sufficient under the authorities above cited, to give the bill equity, either as a bill to set aside fraudulent conveyances, or as a creditor's bill.

The court below should have sustained appellant's motion to dismiss the bill, and its failure to do so constitutes error for which the order appealed from must be reversed. The motion to dismiss the appeal will be denied.

Whether a motion to dismiss, under the 1931 Chancery Act, should be considered, for most practical purposes, as the equivalent of a general demurrer, so that the Chancellor would be authorized to grant the motion with leave to amend, or require an amendment within a specified time to meet the objections raised by the motion to dismiss, otherwise the bill to stand dismissed, are questions which we are not called upon to decide in this case, though they may arise upon further proceedings in the court below. The writer is inclined to think the Chancellor has this authority. See in this connection Section 33 of the 1931 Chancery Act and Mr. Edward McCarthy's Annotations of that Act recently published, pages 58-59.

Reversed and remanded.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., concurs in the opinion and judgment filed under Rule 21A.