J. E. KENNEDY, and her husband, ————————KENNEDY, LEONA F. GLASS; THE CHICAGO AND TAMPA IMPROVEMENT CORPORATION; G. E. THAYER and MILTON A. STAKE, *Appellants*, v. HENRY S. HANCOCK, *Appellee*.

146 So. 667.

Opinion filed March 9, 1933.

*E. L. Bryan,* for Appellants;

*Roger Watkins* and *Edwin Brobston,* for Appellee.

PER CURIAM.—Section 23 of Chapter 14572, Acts of 1929, provides that the final decree shall determine the amount due "on" the tax certificate, and omitted subsequent taxes, and subsequent tax sale certificates. It also authorizes and requires the Court to include in the final decree in a tax certificate foreclosure proceeding a reasonable attorney's fee and "costs."

In this case the Court included in the final decree an item: "abstract information, $10.00," intending thereby to permit complainant to recover as "costs," the personal expense complainant had been put to, in ascertaining the state of the public records as to the title of the property, and the parties necessary to be joined in the suit in order to convey a perfect title at the foreclosure sale, against all having inferior claims.

The word "costs" as used in the statute, does not authorize the recovery of those items of personal expense incurred

by the tax certificate holder, such as costs of an abstract of the title, even though the statute provides that the proceeding shall conform in general to those provided for the foreclosure of mortgages. Even in mortgage foreclosure cases, expenditures for an abstract of the title to the property, are not recoverable as "costs," but rather as "expenses," and then only when the mortgage provides for the payment by the mortgagor of all "expenses" as well as "costs" of foreclosure.

The decree appealed from should be modified by eliminating, as of the date of the decree, the $10.00 charge for abstract information, and it is so ordered. In all other respects the decree is correct and should be affirmed. The affirmance of the final decree appeared from makes it unnecessary to pass on appellee's motion to dismiss the appeal as frivolous, the case now having been reached and decided in due course.

Modified and affirmed.

DAVIS, C. J. and, WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.