SOUTHWEST ENTERPRISES, INC., v. MARION FRASSE, *et vir*.

152 So. 175.

Opinion Filed January 18, 1934.

*Frederick W. Schmitz,* for Appellant;

*Ernest E. Roberts,* for Appellees.

DAVIS, C. J.—Section 44 of Chapter 13972, Special Acts of 1929 (Charter of the City of Coral Gables), Laws of Florida, is as follows:

"The general law of the State of Florida upon the subject of taxation shall apply to and govern in the assessment, levy and collection of taxes in the City of Coral Gables and in the return and sale of property delinquent therefor; the sale or other disposition of tax sale certificates or the redemption thereof and the issuance of tax deeds, and shall apply also and govern in respect to the powers, duties and liabilities of persons and property touching and concerning such taxes, and shall have full force and effect in said city as far as the same may be applicable, except as herein otherwise provided."

In this proceeding the complainant below invoked the procedural provision of Chapter 14572, Acts of 1929, General Laws of Florida, in seeking to foreclose a City of Coral Gables tax certificate, the contention of complainant being that Section 44 of Chapter 13970, *supra,* is an ambulatory provision of the City Charter of Coral Gables intended to

make applicable to City of Coral Gables tax certificates, the remedy of foreclosure of such certificates as provided for by Chapter 14572, and that by the force and effect of Section 44 of said Chapter 13970 the complainant's foreclosure suit is authorized to be maintained, notwithstanding the fact that in State, *ex rel.* Dofnos Corp. v. Lehman, 100 Fla. 1401, 131 Sou. Rep. 333, this Court has held that Chapter 14572 has no application to municipal tax certificates *ex proprio vigore.*

Our interpretation of the quoted provisions of Section 44 of the Charter of City of Coral Gables above referred to, is that the construction contended for by complainant, and sustained by the decree of the court below, is the correct one and should prevail on this appeal. If there are provisions of Chapter 14572 which are irreconcilably inconsistent with the regulations of the city charter as argued by the appellant, such inconsistencies are expressly taken care of by the language, "except as herein otherwise provided," which appears at the end of Section 44 of the city charter, thereby preserving the paramount characteristics of the charter provisions where not capable of reconciliation with the general law.

Payment of the taxes according to the description of the property as it appeared described on the tax roll would have been sufficient to discharge the lien of the city for that year's taxes on the described properties, the description not being wholly void for indefiniteness, so the objection of the ground of insufficient or invalid description of the property foreclosed on, was properly overruled. See Trust Company of Florida v. City of Tampa, 103 Fla. 628, 138 Sou. Rep. 73.

If the city violated any legal principle in assigning the certificates to complainant in foreclosure for an insufficient consideration, that ground of objection was not available

to the delinquent defendant whose liability to the city for the amount of the taxes as assessed and embraced in the tax certificates foreclosed, was not successfully refuted by any pleading or proof *contra*. The remedy for an alleged illegal assignment of a tax certificate of a municipality without lawful consideration is an injunction against the assignment, or an action by taxpayers to rescind it in the municipality's behalf and charging the assignee with liability for an accounting with respect to the value of the asset so unlawfully procured and received by him. See Capital Finance Corp. v. Giles, 111 Fla. 527, 149 Sou. Rep. 585.

The items of $11.00 for money expended by complainant to procure an abstract of title, and of $3.50 for money expended by complainant in securing photostatic copies of exhibits used in the case should not have been allowed in the final decree (See Kennedy v. Hancock, 108 Fla. 601, 146 Sou. Rep. 667), which should be reversed and an amended decree entered for a resale of the property in default of redemption after the proper amounts as decreed, unless complainant below shall within fifteen days after filing of the mandate permit a redemption from the foreclosure sale by an acquittance of the property to defendants or their appointees for the legally recoverable amounts found to be due under the final decree, same to be evidenced before the circuit court which shall make such appropriate orders to carry into execution the holding of this opinion as may be appropriate.

Affirmed on condition stated in opinion.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., dissent.