STATE, *ex rel.* HERMAN WALL, alias Herman Wolkowsky, Herman Jesse and A. D. H. Fossey, v. D. C. COLEMAN, as Sheriff of Dade County.

166 So. 219.

Division B.

Opinion Filed February 19, 1936.

*Vincent C. Giblin, J. W. Watson, Jr.,* and *Abe Aronovitz,* for Petitioners;

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant, for Respondent.

BUFORD, J.—In this case writ of habeas corpus was issued on the petition of A. D. H. Fossey, Herman Walls and Herman Jesse, who each alleged that he was unlawfully restrained of his liberty in the custody of Coleman as Sheriff of Dade County, Florida, under a capias issued pursuant to an indictment returned in the Circuit Court of Dade County, Florida, on the 14th day of August, A. D. 1935, and that

said indictment charges no offense against the laws of the State of Florida.

The return shows that the petitioners are each held under a capias as alleged in the petition of each.

The charging part of the indictment is as follows:

"That on the 28th day of November, A. D. 1934, in the County of Dade and State of Florida, Herman Wall, alias Herman Wolkowsky, and HERMAN JESSE, designedly and with intent to defraud the City of Miami, Florida, municipal corporation, did willfully, knowingly, falsely and fraudulently represent and pretend to one E. C. Graves, a clerk, agent and servant of the City of Miami, a municipal corporation, that M. B. Properties, Inc., a corporation, of which corporation the said Herman Wall, alias HERMAN WOLKOWSKY and HERMAN JESSE were each then and there stockholders, officers and agents, was the owner of certain Tax Sales Certificates, to-wit: No. 26,032 for the tax year 1926; No. 22231 for the tax year of 1927; No. 22242 for the tax year of 1928; No. 23211 for the tax year of 1929, for city taxes due the City of Miami, Florida, upon certain land situate in said city, in Dade County, Florida, particularly described as: The West Half (W½) of the Northeast Quarter (NE¼) of the Northeast Quarter (NE¼) of Section Four (4), Township Fifty-four (54) South of Range Forty-one (41) East; and that the said M. B. Properties, Inc., a corporation, was entitled to collect the taxes evidenced by the Tax Certificates aforesaid, and that the owner of said land was desirous that the said certificates should be required by the City of Miami in order that the owner of said land could redeem the same from said Tax Sales Certificates by settlement direct with the said City of Miami, and that the said M. B. Properties, Inc., a corporation, was entitled to receive of and from the City of

Miami certain other Tax Certficates in exchange therefor; that the said E. C. Graves as clerk, agent and servant of the said City of Miami was deceived by said representations and believed the same to be true and relying thereon did accept from him, the said Herman Wall, alias Herman Wolkowsky, and him, the said Herman Jesse, the Tax Certificates aforesaid, and did assign in exchange therefor certain other tax certificates to-wit:"

Then follows description of Tax Certificates referred to, after which are the following allegations: "of the aggregate face value of $3,542.31, and also of the additional value of the accrued interest thereon, of the property of the said City of Miami, a further and more particular description of which said certificates is to the Grand Jurors unknown; and which certificates he, the said Herman Wall, alias Herman Wolkowsky, and the said Herman Jesse, did then and there receive and obtain; that the statements so made by the said Herman Wall, alias Herman Wolkowsky, and he, the said Herman Jesse, to the said E. C. Graves, as aforesaid, were false when made and known by him, the said Herman Wall, alias Herman Wolkowsky, and he, the said Herman Jesse to be false, in that the said M. B. Properties, Inc., was not entitled to any exchange for said certificates for that the said M. B. Properties, Inc., had theretofore, to-wit on the sixth day of October, A. D. 1934, obtained and acquired a Tax Deed for said property from E. B. Leatherman, Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, and that no owner of said property had requested that said certificates to be exchanged in order to redeem the same; all of which he, the said Herman Wall, alias Herman Walkowsky, and he, the said Herman Jesse, did then and there well know; that but for the making of said representations

and pretenses by him, the said Herman Wall, alias Herman Wolkowsky, and him, the said Herman Jesse, to him, the said E. C. Graves as Clerk, agent, servant and employee of the said City of Miami, he, the said E. C. Graves, as such clerk, agent, servant and employee would not have parted with possession of the said property of the said City of Miami; and that the said City of Miami was then and there injured and defrauded to the extent of the value of the tax certificates aforesaid.

"And the Grand Jurors aforesaid, on their oaths aforesaid, upon their oaths further charge that within the County of Dade and State of Florida, A. D. H. Fossey, on to-wit: the 13th day of November, A. D. 1934, before the commission of the felony aforesaid in the manner and form aforesaid, did counsel, hire, procure and aid him, the said Herman Wall, alias Herman Walkowsky, and him, the said Herman Jesse, the felony aforesaid, in the manner and form aforesaid to do and commit, to the evil example of all others in like cases offending, and against the peace and dignity of the State of Florida."

Now the only false pretense that is attempted to be alleged in this indictment is: "and that the owner of said land was desirous that the said certificates should be reacquired by the City of Miami in order that the owner of said land could redeem the same from said Tax Sales Certificates by settlement direct with the said City of Miami, and that the said M. B. Properties, Inc., a corporation, was entitled to receive of and from the City of Miami certain other Tax Certificates in exchange therefor."

The indictment alleges that E. C. Graves as clerk, was deceived by this representation and believed the same to be true. The indictment then alleges "that the statements so made by the said Herman Wall, alias Herman Wolkowsky,

and he, the said Herman Jesse, to the said E. C. Graves, as aforesaid, were false when made and known by him, the said Herman Wall, alias Herman Wolkowsky, and he, the said Herman Jesse, to be false, in that the said M. B. Properties, Inc., was not entitled to any exchange for said certificates for that the said M. B. Properties, Inc., had theretofore, to-wit: on the sixth day of October, A. D. 1934, obtained and acquired a Tax Deed for said property from E. B. Leatherman, Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, and that no owner of said property had requested the said certificates to be exchanged in order to redeem the same."

As to every one of such allegations, except that which states "that the owner of said land was desirous that the said certificates should be reacquired by the City of Miami in order that the owner of said land could redeem the same from said City Tax Sales Certificates by settlement direct with the City of Miami," embraced matters, the true condition of which was necessarily reflected by public record, and, therefore, the City Clerk was charged with the knowledge reflected by such public records and could not in law allege that he relied upon the statements of the accused which were contrary to the showing made by public records.

For analogous propositions see Moneyham v. State, 69 Fla. 577, 58 Sou. 758.

We do not mean to say that a false representation cannot be relied upon when a contradictory true state of facts is shown by a public record. But, in this case it is alleged that the City Clerk was deceived by false statements, which statements were contradicted by the City Records pertaining to tax sale certificates involved in this particular transaction. Therefore, it necessarily follows that the City

Clerk cannot in law be held to have been deceived by a statement contradicted by the records in his possession.

This leaves the allegation last above set forth as the only allegation of false pretense contained in the indictment. It could make no material difference whether the owner of the lands at the time this transaction occurred was *desirous* that the said certificates should be acquired by the City of Miami in order that the owner of said land could redeem the same from said Tax Sale Certificates by settlement direct with the City of Miami, or not.

There is no allegation that it was represented that the owner had requested and was either able or ready to make such settlement with the City of Miami, nor that he was willing to make any definite settlement with the City of Miami of such tax certificates.

In Clifton v. State, 76 Fla. 244, 79 Sou. 707, we said: "A false statement or representation of a fact by one person to another for the purpose of obtaining property from the latter, must be of such nature or character as that if the fact was as represented it would place upon the latter a duty, obligation or desire to part with the property demanded. This is the so-called causal relation between the representation or statement and the delivery of the property and is an essential element of the crime of obtaining money or property by false pretenses."

In the same case we also said: "Public boards or commissions charged by law with disbursing public moneys have no lawful authority to part with the public money in their charge except for the purposes designated by law. A statement of fact, therefore, made to such board, which does not place upon the board under the law the duty or obligation to disburse the public fund or a portion of it in their charge, cannot in law be the subject of a false representation

so as to constitute the crime of obtaining money or property by such means."

See also Lopez v. State, 96 Fla. 813, 119 So. 137.

Aside from there being no allegation in the indictment sufficient to show a criminally false pretense, there is no allegation in the indictment to show that the Clerk was either authorized or required by law to exchange tax sale certificates under any conditions.

It, therefore, follows that even if there had been allegations showing a materially false pretense, it is not either alleged or shown that the City Clerk who was alleged to have been deceived was vested with any authority or bound by any duty to transfer the certificates.

As the indictment charges no offense under the laws of the State of Florida against Wall and Jesse, it necessarily follows that no offense is charged against Fossey who is named in the indictment charging him as accessory before the fact of the commission of the felony attempted to be charged against Wall and Jesse.

For the reasons stated the petitioners should be discharged.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD and BROWN, J., concur in the opinion and judgment.

DAVIS, J., concurs specially.

DAVIS, J. (concurring specially).—The practice of exchanging tax certificates under the circumstances alleged in this case was so plainly *ultra vires* under the circumstances pleaded, that no such crime as obtaining money or property of value under false pretenses could possibly have occurred within the scope of the facts alleged in the indict-

ment.  The allegations of the indictment, at most, make out a ground for ordinary civil relief against those who are charged with unlawfully receiving city tax certificates by virtue of the transaction complained of, for example, by means of a chancery suit filed by a taxpayer for an accounting to compel the responsible parties to return the certificates, or their value, to the City Treasury.  See: Thomas v. Carlton, 106 Fla.  648, 143 Sou. Rep. 780; First National Bank v. H. H. Filer and others, 107 Fla. 526, 145 Sou. Rep. 204.