R. D. LAMAR, INC., v. J. C. RAY, Individually, and as a Taxpayer on Behalf of the City of Miami, *et al.*

182 So. 292.

Opinion Filed June 9, 1938.

*Wiseheart. & Wiseheart,* for Appellant;

*Morrow & Mayes,* for Appellees.

BUFORD, J.—The appeal here brings for review order granting temporary injunction and order overruling defendant's motion to dismiss, motion to dissolve temporary injunction and motion to strike certain portions of the Bill of Complaint in a suit in Chancery, the purpose of which was to vacate certain assignments of municipal tax certificates, to enjoin the issuance of a tax deed under the certificates and to require the certificates to be reassigned and returned to the municipality, the City of Miami.

The Bill of Complaint was filed July 6, 1937, by one J. C. Ray, individually and as a taxpayer on behalf of the City of Miami, Florida, a municipal corporation, against R. D. Lamar, Inc., M-B. Properties, Inc., and E. B. Leatherman as Clerk of the Circuit Court in and for Dade County, Florida.

The Bill of Complaint alleges that plaintiff was a taxpayer of the City of Miami, Florida, and was the owner of certain property as set forth in said bill of complaint; that the City of Miami, at its sale of City taxes imposed

for the years of 1926, 1927, 1928 and 1931, became the purchaser of a great number of tax certificates on property in the City of Miami, and that among such certificates were included certificates numbers 26032 for the year 1926, 22231 for the year 1927, 22242 for the year 1928, and 31301 for the year 1931, which covered property in the City of Miami known and described as the West half of the Northeast quarter of the Northeast quarter of Section 4, Township 54 South, Range 41 East; and that the City Commissioners on August 20, 1934, contrary to public policy, and in utter disregard of public welfare, and in gross abuse of power, and notwithstanding the provisions of law applicable thereto, passed a resolution which, among other things, authorized the Director of Finance of the City of Miami to sell the above certificates, having a face value of $2,032.31, for the sum of $171.81; in accordance with such resolution, the certificates above described were purchased from the Director of Finance of the City of Miami, Florida, for the sum of $171.81, and said certificates were assigned by City of Miami to M-B Properties, Inc., a Florida corporation.

That subsequently thereafter, on November 23, 1934, the City Commissioners of the City of Miami passed and adopted a Resolution which, among other things, authorized the Director of Finance of the City of Miami to acquire at face, plus accrued interest, the said certificates above described by exchanging therefor City-owned tax certificates of the face value of $2,032.31 on other lands within the City of Miami for the year 1931 and prior years; pursuant to said Resolution, the City of Miami exchanged tax certificates for the years 1929, 1930 and 1931 on other properties in the face amount of $2,032.31, without interest, among which were included certificates numbers: 47171, evidencing sale of lot 41, block 56, of Mary Brickell's Flagler Addition for the year 1931; 47172, evidencing

sale of lot 42, block 56, of Mary Brickell's Flagler Addition for unpaid taxes for the year 1931; 47170, evidencing sale of lot 40, block 56, of Mary Brickell's Flagler Addition for unpaid taxes for the year 1931; and 47378, evidencing sale of lot 11, block 7, of Brickell Hammock Unit No. 1 for unpaid taxes for the year 1931; for the certificates originally assigned to M-B Properties, Inc., as above described, that said exchange of certificates was unconstitutional, irregular, *ultra vires,* and null and void, and was an abuse of power and in disregard of public welfare, for the reason that the certificates exchanged by the City of Miami, Florida, were of a far greater value than the certificates held by M-B. Properties, Inc., and that the consideration for the same was grossly inadequate; that the property covered by the certificates exchanged by the City of Miami was worth a great deal more than the amount of all taxes assessed against it, and for the further reason that said exchange was an *ultra vires* act on the part of the City Officials of the City of Miami; that the sale of certificates of the face value of $2,032.31 by the said City of Miami to M-B Properties, Inc., for the sum of $171.81 was such a tremendous discount and reduction that upon its face the amount of discount would shock the conscience of any court; that the subsequent exchange of said certificates for the said certificates on complainant's lands was also such a discount and reduction on such certificates exchanged, that the same would also shock the conscience of any court; that the said City of Miami had not attempted to make a sale of said certificates numbers 47170, 47171, 47172 and 47378 at a greater amount, so as to indicate that an experiment had reasonably demonstrated to the officials of the City of Miami that the full face amount thereof, with or without penalties, could not be obtained by the ordinary processes in cash; but that the City Commissioners arbi-

trarily, and acting beyond the scope of their authority, exchanged said certificates covering plaintiff's property for certificates of inferior value, without any justifiable reason for discounting certificates on complainant's land at such a ridiculously large figure, and in utter disregard of the reasonable market value of said certificates.

That subsequently thereafter, said M-B Properties, Inc., assigned the above mentioned certificates covering plaintiff's property to R. D. Lamar, Inc., appellant herein, and that appellant herein as the holder of said certificates made application to the Clerk of the Circuit Court of Dade County, Florida, for tax deeds based upon said certificates; that the amounts necessary to redeem the aforesaid certificates from said tax deed application are as follows: $87.21 for Certificate No. 47170, $89.23 for Certificate No. 47378; that as to certificates numbers 47171 and 47172, in the amount of $87.21 each, plaintiff paid said amounts to said Clerk under protest; that in the event tax deed should issue on plaintiff's property, plaintiff as an individual and as a taxpayer would be irreparably injured.

Thereupon, the bill prayed that the Court declares invalid the acts of the City Commissioners of the City of Miami, Florida, in adopting said resolutions for the sale and exchange of said tax certificates, and that appellant, R. D. Lamar, Inc., be required by the Court to return said certificates to the City of Miami, Florida; that a temporary injunction be granted restraining the Clerk of the Circuit Court of Dade County, Florida, from paying to appellant, R. D. Lamar, Inc., any moneys paid under protest by appellee, and that the Clerk be further restrained from issuing any tax deeds based upon said tax certificates. The Bill of Complaint also contained prayer for general relief.

Upon filing of the bill of complaint, the Court granted the temporary restraining order prayed for and thereafter

on August 10, 1937, appellant moved to dissolve the injunction and moved to dismiss the bill of complaint, both of which motions were denied on August 27, 1937.

Appeal was sued out as heretofore stated.

The appellant has stated four questions, the first and fourth of which cover the range including the matters which we deem it necessary to discuss. The second and third questions embrace what is stated in the fourth question and, therefore, it is not necessary to discuss those questions separately. The first and fourth questions are:

1. "Where the City of Miami was the owner of delinquent tax sales certificates more than two years old, and sold and assigned such certificates for less than the full amount due thereon to a purchaser who assigned such certificates for value to another person, is the assignment of the City invalid because of the lack of that in the event tax deed should issue on plaintiff's property, plaintiff as an individual and as a taxpayer would be irreparably injured.

Thereupon, the bill prayed that the Court declare invalid the acts of the City Commissioners of the City of Miami, Florida, in adopting said resolutions for the sale and exchange of said tax certificates, and that appellant, R. D. Lamar, Inc., be required by the Court to return said certificates to the City of Miami, Florida; that a temporary injunction be granted restraining the Clerk of the Circuit Court of Dade County, Florida, from paying to appellant, R. D. Lamar, Inc., any moneys paid under protest by appellee, and that the Clerk be further restrained from issuing any tax deeds based upon said tax certificates. The Bill of Complaint also contained prayer for general relief.

Upon the filing of the bill of complaint, the Court granted the temporary restraining order prayed for and thereafter on August 10, 1937, appellant moved to dissolve the injunc-

tion and moved to dismiss the bill of complaint, both of which motions were denied on August 27, 1937.

Appeal was sued out as heretofore stated.

The appellant has stated four questions, the first and fourth of which cover the range including the matters which we deem it necessary to discuss. . The second and third questions embrace what is stated in the fourth question and, therefore, it is not necessary to discuss those questions separately. The first and fourth questions are:

1. "Where the City of Miami was the owner of delinquent tax sales certificates more than two years old, and sold and assigned such certificates for less than the full amount due thereon to a purchaser who assigned such certificates for value to another person, is the assignment of the City invalid because of the lack of full consideration?"

4. "Where the City of Miami was the owner of delinquent tax sales certificates more than two years old, and the City being desirous of obtaining other outstanding City of Miami tax certificates owned by other parties, its Commissioners, by resolution, authorizes the exchange of City owned certificates for the certificates owned by other parties, and pursuant to such resolution, executes assignments of such City owned certificates to the other parties, who in turn assign them to a third party without knowledge of the transaction, is the third party purchasing the certificates of one who dealt with the City required to inquire into the transactions of his assignor with the City of Miami and to determine whether the City of Miami received a sufficient consideration for its certificates?"

Section 33, paragraph 1, of the 1931 Florida Chancery Act, is as follows:

"Demurrers are abolished. Every defense in point of law arising upon the face of the bill, whether for mis-

joinder or non-joinder or by reason of insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by separate motion to dismiss or by a motion to dismiss contained in the answer; and every such point of law must go to the whole of the cause or causes of action stated in the bill and such motion incorporated in the answer may be called up and disposed of before final hearing at the discretion of the court."

The present suit was brought by a taxpayer both as an individual and as such taxpayer on behalf of the City of Miami. The right of a taxpayer to maintain such a suit is recognized in this jurisdiction by the opinion and judgment in the case of Southwest Enterprises, Inc., v. Frasse, *et al.,* 113 Fla. 770, 152 Sou. 175. The assignment and exchange of the identical certificates sold to M-B Properties, Inc., were under consideration by this Court in the case of State, *ex rel.* Wall, *et al.,* v. Coleman, 122 Fla. 830, 166 Sou. 219, and in that case the late Mr. Justice DAVIS wrote a special concurring opinion in which he said:

"The practice of exchanging tax certificates under the circumstances alleged in this case was so plainly *ultra vires* under the circumstances pleaded, that no such crime as obtaining money or property of value under false pretenses could possibly have occurred within the scope of the facts alleged in the indictment. The allegations of the indictment, at most, make out a ground for ordinary civil relief against those who are charged with unlawfully receiving city tax certificates by virtue of the transaction complained of, for example, by means of a chancery suit filed by a taxpayer for an accounting to compel the responsible parties to return the certificates, or their value, to the City Treasury. See Thomas v. Carlton, 106 Fla. 648, 143 So. Rep.

780; First National Bank v. H. H. Filer, and others, 107 Fla. 526, 145 So. Rep. 204."

While the other members of the Court did not endorse a concurrence on that opinion prepared by Mr. Justice DAVIS, we do recognize it as stating sound principles applicable to the case then under consideration.

We have examined the bill of complaint in this case and hold that the allegations are sufficient to constitute what is required in a taxpayer's suit of this sort. Therefore, it is immaterial what motive may have actuated the taxpayer to institute the suit. In McQuillin on Municipal Corporations, 2nd Ed., Vol. 6, Chapter 52, paragraph 2749, it is said:

"The general rule is that the motives of the plaintiff in bringing suit are immaterial, i. e., that it is of no importance, if he is a taxpayer and as such entitled to sue, that his real purpose in bringing suit is to protect private interests of his own or of third persons or even that he is a mere catspaw and is being indemnified by a third person for whose benefit he is prosecuting the suit. As said in a case in Wisconsin, 'the fact that there was a secondary purpose in view to protect its purely private interest, which was so large that the contemplation of it quite overshadows its interest as a taxpayer, is no justification for denying it the usual taxpayer's remedy, so long as there was nothing reprehensible in such secondary purpose."

It is contended by the appellant that there is no prayer in the bill of complaint seeking relief for the benefit of the City of Miami, but that all that is sought is for the benefit of the individual as the owner of the property covered by the tax certificates involved.

The bill contains a prayer for general relief and, therefore, under Section 28 of the 1931 Florida Chancery Act is sufficient.

Aside from this, it is settled that no objection to prayers or lack of prayers in a bill of complaint can be raised by motion to dismiss. If the bill states a case entitling the plaintiff to any relief under any special prayer or under the implied prayer for general relief, it should not be dismissed. See Hewitt, *et al.*, v. Punta Gorda State Bank, 108 Fla. 39, 145 Sou. 883.

The allegations of the bill of complaint are sufficient to show that the Clerk of the City of Miami assigned certain certificates of value of more than $2,000.00 to M-B Properties, Inc., for the munificent sum of $171.81 and that shortly thereafter the City Commission purported to authorize the Clerk to exchange other certificates of equal face vaue for those certificates so sold and assigned, at their face value. This transaction on its face carries such a badge of fraud as to put anyone who proposes to deal with either of the certificates involved on notice and, in this connection, we must observe that a tax certificate is not a negotiable instrument. The purchaser of a tax sale certificate either purchases at the sale or takes an assignment after sale under operation of the rule of *caveat emptor*. The certificate is assignable and the assignee becomes entitled to all the rights acquired by purchase but he will acquire no rights superior to those of his assignor. See Cooley on Taxation, 4th Ed., paragraph 1456, Graham, *et al.*, v. Fla. Land & Mortgage Co., 33 Fla. 356, 14 Sou. 796; Lyon County v. Goddard, 22 Kan. 389, Ann. American Law Reports, Vol. 77, page 825, *et seq.* See cases cited in annotation.

To soften the harshness of this rule, our statutes have provided for a refund to the purchaser of State and County tax sale certificates. See Chapter 18314, Acts of 1937.

We held in Ranger Realty Co. v. Miller, 102 Fla. 378, 136 Sou. 547, that "A Municipal Corporation which has

been given the general power to make and enforce municipal tax levies has the incidental power to sell and assign its past due tax certificates and to accept in consideration thereof less than the full amount of taxes and penalties due, when experiment has reasonably demonstrated to the officials of the city that the full face amounts thereof, with or without the attached penalties, cannot be obtained by the ordinary processes."

In Southwest Enterprises, Inc., *et al.,* v. Frasse, 113 Fla. 770, 152 Sou. 175, we held:

"If the city violated any legal principle in assigning the certificates to complainant in foreclosure for an insufficient consideration, that ground of objection was not available to the delinquent defendant whose liability to the city for the amount of the taxes as assessed and embraced in the tax certificates foreclosed, was not successfully refuted by any pleading or proof *contra.* The remedy for an alleged illegal assignment of a tax certificate of a municipality without lawful consideration is an injunction against the assignment, or an action by taxpayers to rescind it in the municipality's behalf and charging the assignee with liability for an accounting with respect to the value of the asset so unlawfully procured and received by him. See Capital Finance Corp. v. Giles, 111 Fla. 527, 149 Sou. Rep. 585."

It is contended, however, in this case that because the certificates have passed from the hands of the corporation which acquired them from the City of Miami into the hands of another corporation that the second assignee cannot be required to defend against *ultra vires* acts obtaining in the first assignment. With this we cannot agree because, as heretofore stated, tax certificates are not negotiable instruments. Each and every assignee takes under the rule of *caveat emptor* and he acquires in no case no greater right than that which reposed in his assignor.

For the reasons stated, the orders appealed from should be, and are, affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.