In re **HALLMARK BUILDERS, INC. and Imperial Lumber Company, Inc., Debtors.**

**ARTISTIC FLOORS, INC., Plaintiff,**

v.

**HALLMARK BUILDERS, INC., and Imperial Lumber Company, Inc., Debtors.**

**Bankruptcy No. 84–551–CRL–BK–AP. Adv. No. 84–195.**

United States Bankruptcy Court
M.D. Florida,
Tampa Division.

Sept. 30, 1985.

Michael Carey, Miami, Fla., for defendant.

T. Kevin Knight, Orlando, Fla., for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is the Complaint to enforce a mechanics' lien against real property filed by Artistic Floors Inc. (Artistic). The claim of Artistic is based on a valid, perfected mechanics' lien on certain properties of the estate. The amount of the secured claim is not in dispute and it is conceded by Hallmark to be valid, but Hallmark contends that the secured claim shall not include any attorney fees or, in the event even if it does, the amount shall be limited to $100.00, based on Chapter 713 of Florida Statutes, which deals indirectly with this subject. This statute provides that in the event the owner of a property desires to remove the lien from the subject property, it may post a bond which shall cover the amount of a claim plus $100.00 for attorney fees. The same statute also provides, however, that in the event the cost of collection or expenses exceeds that amount, the holder of a lien may apply to the court for an order increasing the amount of a bond. Be that as it may, this Court is satisfied, however, that this statute is inapplicable to the situation at hand and Artistic is entitled to include in its secured claim reasonable amount for attorney fees expended by Artistic in connection with the enforcement of its mechanics' lien. Ordinarily, that would not present any special problems, but due to the unusual background of this controversy, the resolution of the problem is not so simple.

Hallmark, the Debtor involved in the Chapter 11, is a general contractor and was engaged in constructing residential homes in various parts in Central Florida. Artistic is a Florida corporation who acted as a sub-contractor and was one of the construction projects of Hallmark and also on some properties which are no longer owned by Hallmark. Hallmark, upon filing its Chapter 11, took the position that the automatic stay imposed by § 362 of the Bankruptcy Code protects all these properties, including non-owned properties and prohibits Artistic from filing a claim of lien. This dispute was presented early in the proceedings for this Court's consideration and after Hallmark sought the preliminary injunction to prevent Artistic from prosecuting its lien claim, this Court entered an Order and ruled that, first, the lien claim filed against a non-debtor's assets are unaffected by the automatic stay. Second, the claim of lien filed against properties of the estate was not prohibited by automatic stay and Artistic was entitled to file claim of lien and, of course, also to file a secured claim in this case. At the same time, Hallmark sought the injunction, Hallmark also served Artistic with a paper purporting to be a Notice of Contest of Lien, filed pursuant to Florida Statute 713.22. The net effect of this notice was that the time period within which a sub-contractor must file a suit in order to enforce its lien was accelerated and moved the time up to 60 days from the Notice of Contest, which, absent of such notice, would have given Artistic one year to file a suit to enforce the lien.

Initially, the matter was presented in a context of an adversary proceeding filed by Hallmark, wherein Hallmark sought preliminary injunctive relief. This relief was denied by this Court on August 21, 1984. In connection with this proceeding, this Court entered and issued two Orders, one granted Artistic relief from the automatic stay and permitted Artistic to proceed in the state court with enforcement action in four mechanics' lien actions. The second Order determined that the automatic stay was inapplicable to non-debtor owned properties. Thus, Artistic was permitted to pursue in state court remedies against the two properties which were conveyed out by Hallmark prior to the commencement of the case. Notwithstanding these two Orders, Hallmark removed three of the four state court mechanics' lien actions to this Court subsequent to the Court's lifting the automatic stay. One of the removed actions involved properties no longer owned by Hallmark. Artistic promptly filed a Mo-

tion to remand the removed mechanics' lien foreclosure actions. After a duly scheduled hearing, this Court entered an Order, remanded all the removed actions back to the state court. The Order further provided that all further hearings involving Artistic shall be scheduled and held in Tampa. Hallmark filed a Motion to reconsider the Order. The Motion not only sought the reconsideration of the Order on Remand, it also sought again the reconsideration of the Order which determined the non-applicability of the Automatic Stay. The Motion was promptly denied. As a result of the continuing litigation between Hallmark and Artistic, there were four hearings scheduled and held in Orlando, all of which resulted in a ruling adverse to Hallmark. The total lien claim of Artistic is in the amount of $2,132.44. Ordinarily, one would conclude that any attorney fee in excess of that amount would be absurd. However, in light of the unusual procedural background of this controversy between the parties and in light of the unjustified tactic amounting to vexatious and at times nothing more than a harrassment undertaken by Hallmark, this Court is satisfied that while Artistic is not entitled to the amount it seeks, which is $7,500.00, a reasonable fee in this instance shall be $4,500.00 which amount shall also be secured by a mechanics' lien. Therefore, the claim of Artistic in this case shall be allowed in the principal amount claimed, together with the sum of $4,500.00 as a secured claim.

A separate final judgment will be entered in accordance with the foregoing.