In re Gregory Scott GORDON, Debtor.

MAYFAIR BUILDERS, INC., Plaintiff,

v.

Gregory Scott GORDON and J.I. Kislak Mortgage Corp., Defendants.

Bankruptcy No. 93–33083–BKC–SHF.
Adv. No. 93–1461–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

March 1, 1994.

Jeffrey H. Frank, Palm Beach Gardens, FL, for plaintiff.

Donna Bumgardner, Tamarac, FL, for debtor/defendants.

*ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on February 3, 1994, on the Plaintiff's, Mayfair Builders, Inc. ("Mayfair"), Motion for Partial Summary Judgment. On February 11, 1994, the Debtor/Defendant, Gregory Scott Gordon (the "Debtor"), filed a Motion for Summary Judgment, or, in the alternative, Motion to Dismiss. Having considered the motions, the argument of counsel, the filed memoranda of law and for the reasons set forth below, the Court grants Mayfair's Motion for Partial Summary Judgment and denies the Debtor's Motion for Summary Judgment, or, in the Alternative, Motion to Dismiss.

The facts in this case are undisputed. The Debtor received title to certain real property (the "Property") by way of a Special Warranty Deed recorded on September 25, 1989. The Debtor gave a first mortgage on the Property to Fidelity Federal Savings Bank of

Florida ("Fidelity"). That mortgage was recorded also on September 25, 1989. On the same day, Mayfair's Notice of Commencement was recorded.

On December 9, 1991, Mayfair obtained a judgment against Debtor for the enforcement of its mechanic's lien in the amount of $8,033. The State circuit court reserved jurisdiction to determine pre-judgment interest, attorney's fees, costs and the amount of any deficiency judgment. On January 22, 1992, the Debtor appealed the circuit court judgment. On February 11, 1992, the circuit court deferred the attorney's fees issue and stayed the sale but ordered the Debtor to post a bond in the sum of $40,000 to protect Plaintiff's attorney's fees. Despite the circuit court's order, the Clerk of the Circuit Court allowed the Debtor to "bond off" Mayfair's judgment for $9,578.94. Mayfair then filed a motion to require the Debtor to deposit the proper security with the circuit court. On May 21, 1992, the circuit court entered an order verifying that the Clerk's bonding certificate was insufficient and requiring the Debtor to increase his posted bond by the sum of $30,500 by May 30, 1992, failing which the Debtor's bond would be invalidated. The Debtor did not post the additional security. On May 4, 1992, before the circuit court entered the May 21, 1992 order, Defendant, J.I. Kislak Mortgage Corp. ("Kislak") was granted a mortgage lien on the Property.

In its complaint, Mayfair seeks to have this Court determine the extent, validity and priority of Mayfair's lien. To do so, the Court must determine (1) whether Mayfair's judgment includes attorney's fees, pre-judgment and post-judgment interest and costs; and (2) whether Mayfair's lien is superior to Kislak's lien.

The Debtor did not argue against Mayfair's motion at the hearing, nor did he submit any opposing memoranda of law. However, the Debtor has since moved for summary judgment or, in the alternative, for dismissal. The issues raised in the Debtor's motion relate to the issues raised by Mayfair, and, in the interest of judicial economy, should have been raised in a responsive pleading to Mayfair's motion. The issues raised in the Debtor's motion can be adequately addressed without the need for further oral argument.

■ The Debtor argues that Mayfair's complaint should be dismissed because it is entitled "Motion", it does not recite the statutes for the basis of this Court's jurisdiction, it does not set out the allegations in accordance with Federal Rule of Bankruptcy Procedure 7010, and it does not establish sufficient grounds upon which relief can be granted.

■ Mayfair has instituted an adversary proceeding. The fact that Mayfair labeled the complaint as a motion does not make it any less a complaint. Further, Mayfair's failure to set out the allegations of the complaint in accordance with Bankruptcy Rule 7010 did not inhibit the Debtor's ability to answer the complaint. Finally, Mayfair's complaint sufficiently establishes grounds upon which relief can be granted. Complaints should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Therefore, the Debtor's motion to dismiss shall be denied.

■ In the summary judgment portion of the Debtor's motion, the Debtor concedes that Mayfair has a valid lien in the amount of $8,033, the amount of the final judgment, but disputes the extent of the lien above that amount. The Debtor contends that by failing to obtain a final judgment for attorney's fees and costs, the attorney's fees and costs are unsecured debts. Mayfair asserts that pursuant to Florida Statute Section 713.29 its lien should include pre- and post-judgment interest, attorney's fees and costs.

No cases have been cited by either party to support their arguments. There appears to be only one reported case within Florida that has considered whether a mechanic's lienholder is entitled to have its attorney's fees included as part of its secured claim. In that case, *In re Hallmark Builders, Inc.,* 54 B.R. 120 (Bankr.M.D.Fla.1985), the court, without analysis, determined that the attorney's fees incurred during the litigation were secured by the mechanic's lien.

Florida Statute Section 713.29 provides that the prevailing party in an action to enforce a lien is entitled to reasonable attorney's fees. This statute does not give a court discretion to award fees. Mayfair was the prevailing party in the circuit court litigation. Had the circuit court not deferred the attorney's fee issue, the attorney's fees would have been part of the judgment against the Debtor. Because Section 713.29 requires the trial court to award fees to the prevailing party, which fees should be part of the final judgment, this Court deems Mayfair's lien to be secured to the extent of its attorney's fees.

■ The remaining issue relates to priority of liens. Kislak contends that its lien is superior to Mayfair's lien because Kislak's loan to the Debtor was used to pay off the mortgage of Fidelity. There is no dispute that had Fidelity's mortgage not been satisfied, Mayfair's lien would be inferior to Fidelity's lien. Kislak asserts that by paying off Fidelity's loan, Kislak should be equitably subrogated to Fidelity's position. Kislak cites to *Federal Land Bank of Columbia v. Godwin,* 145 So. 883 (Fla.1933) for support of its position.

Before reaching the question of subrogation, the Florida Supreme Court, in *Godwin,* considered the strict priority of liens. In that case, the issue was whether the renewal of a note and mortgage allowed the renewing creditor to retain its position as the first mortgagee. The Court quoted 5 Thompson on Real Property, § 4263, p. 353, for the rule determining whether a renewal or substitution mortgage retains priority over intervening mortgages and judgments. According to Thompson, where parties intend a second mortgage to renew and extend an old debt, priority is not given to intervening judgments or mortgages. However, this rule is not applicable where the new mortgage is given to a different person from whom the debtor borrowed the money to pay off the old mortgage. *See Godwin,* 145 So. at 884–85; *see also RTC v. Niagara Asset Corp.,* 598 So.2d 1074, 1077 (Fla. 2d DCA 1992).

Kislak gave money to the Debtor to pay off Fidelity's mortgage. Thus, under strict priority rule, Kislak's mortgage is subordinate to Mayfair's lien. Perhaps realizing this, Kislak has argued that it is entitled to priority by reason of equitable subrogation. Under the right of subrogation—

> one who makes a loan to discharge a first mortgage, pursuant to an agreement with the mortgagor that he shall have a first mortgage on the same lands to secure it, the lender will be subrogated to the rights of the first mortgagee, notwithstanding there is at the same time a second outstanding mortgage of which he (the lendor) is ignorant.

*Godwin,* 145 So. at 885. There is no dispute that Kislak's loan was made to discharge Fidelity's loan. Instead, Mayfair contends that the principal of subrogation applies only to instances of mortgage renewals. This Court disagrees. There is nothing in *Godwin* to indicate that the general principle of subrogation applies only to renewals.

The question relating to the priority issue is not whether subrogation applies to Kislak's mortgage, but whether Kislak is entitled to the right of subrogation. To be entitled to subrogation, not only must the later loan pay off the first loan, but the later lender must also be ignorant of any intervening mortgages or judgments.

Mayfair contends that Kislak had constructive knowledge of Mayfair's lien on the Debtor's property. Therefore, Mayfair asserts, the priority of Kislak's mortgage is precluded. Kislak has not disputed Mayfair's argument. Consequently, the Court finds that Kislak had constructive knowledge of Mayfair's lien, thus precluding Kislak to the entitlement of equitable subrogation.

The sole remaining issue in this case is the amount of Mayfair's lien on the Property. To make this determination, an evidentiary hearing must be held on the reasonableness of Mayfair's fees. Because the circuit court is intimately familiar with the mechanic's lien litigation, this Court will abstain from determining the amount of Mayfair's fees and allow the circuit court to make that determination. Accordingly, it is

ORDERED AND ADJUDGED that:

1. Mayfair's motion for partial summary judgment is granted.

2. The Debtor's motion for summary judgment, or, in the alternative, motion to dismiss is denied.

3. Mayfair's lien is superior in position to Kislak's.

4. Mayfair's lien is secured to the extent of $8,033, plus pre-judgment interest, costs and attorney's fees.

5. This Court abstains from determining the reasonableness of Mayfair's attorney's fees.

6. This adversary proceeding is closed.