In re William Franklin PACE, Ann Gill Pace, Debtors.

Carl D. EVANS, Gracie Evans, Harold Maxie, Eva Mathews, and Michael Hopkins, Plaintiffs,

v.

William Franklin PACE and Ann Gill Pace, Defendants.

Bankruptcy No. 90–04568.
Adv. No. 90–8047.

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

June 5, 1991.

Dennis R. Pierson, Spiro T. Kypreos, for plaintiffs.

Eric Eggen, for defendants.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge:[1]

This matter came on for hearing on the Motion of the Defendants, William Franklin Pace and Ann Gill Pace, ("the Defendants") to dismiss the adversary complaint of the Plaintiffs, Carl E. Evans, Gracie Evans, Harold Maxey, Eva Mathews, and Michael Hopkins, ("the Plaintiffs") for failure to file in a timely fashion under Bankruptcy Rules 4007(c) and 4004(a). After due consideration of the pleadings, affidavits, testimony, arguments of counsel, and briefs subsequently submitted, this Court finds and concludes as follows:

## FINDINGS OF FACT

On September 21, 1990, George L. Beck, Jr. ("Beck"), as attorney for the Plaintiffs, signed a document entitled "Objection to Discharge". The document alleged an indebtedness of the Defendants to the Plaintiffs, and stated, "... Petitioners filed this Section 523(c)/Section 727 complaint and objection to discharge...." Sue Ellen Green, Beck's legal secretary, ("Green") mailed the signed document along with a cover letter, a motion to appear *pro hac vice*[2], and a check in the amount $120.00 for a filing fee to the Clerk of the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division ("Clerk of the Court") on September 21, 1990. The $120.00 check was unsigned.

On September 24, 1990, the last day for filing objections and complaints, the Clerk's office received Beck's objection and the accompanying documents. On the same date, Green learned from the Clerk of the Court's office that the form of the pleading was incorrect and that the document should be captioned "complaint" rather than "objection". Green subsequently called the Clerk of the Court's office to request that the document be stamped as received on September 24, 1990 and held until a corrected form could be sent. The Clerk of the Court's office agreed to stamp the document as received on September 24, 1990. The procedure of the Clerk's office during the time in question was to not stamp as received a dischargeability complaint with a motion to appear *pro hac vice* until the *pro hac vice* motion was granted.

Beck's motion to appear *pro hac vice* was granted on September 28, 1990, and the document containing the "Objection to Discharge" was also stamped September 28, 1990. A copy of the document and a notice of deficient filing was sent to Beck on the same date. The notice indicated that the document was received on September 23, 1990.[3] The $120.00 check for the filing fee was properly executed in a timely manner.

## CONCLUSIONS OF LAW

Bankruptcy Rules 4007(c) and 4004(a) set forth identical time limits for filing complaints to determine dischargeability under 11 U.S.C. § 523(c) and objections to discharge under 11 U.S.C. § 727(a), in a Chapter 7 case: the complaint or objection "shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." This Court must determine whether the Plain-

---

1. The Honorable Arthur B. Briskman of the United States Bankruptcy Court for the Southern District of Alabama was transferred to the United States Bankruptcy Court for the Northern District of Florida to hear this matter by order of the Judicial Council of the Court of Appeals for the Eleventh Circuit.

2. A certificate of good standing and a blank order were attached to the motion for *pro hac vice*.

3. The parties stipulate that the last day of the time limit to file a complaint or objection was September 23, 1990, a Sunday, and therefore, September 24, 1990 was the actual final date to file.

tiffs' filing of a defective pleading was timely under these rules.

The purpose of the time limits set by Bankruptcy Rules 4007(c) and 4004(a) is the swift administration of bankruptcy estates, and "the 'fresh start' goals of bankruptcy relief [which allow] a debtor to 'enjoy finality and certainty in relief from financial distress as quickly as possible.'" *In re Santos,* 112 B.R. 1001, 1006 (9th Cir.BAP 1990) *(citations omitted).* In addition to the purpose of time limitations, "[i]t is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that 'fraud will not prevail, *that substance will not give way to form,* that technical considerations will not prevent substantial justice from being done.'" *In re International Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985) *(emphasis added).*

Bankruptcy courts have utilized the principles of equity in decisions dealing with failure to fulfill exact filing requirements and deadlines. The bankruptcy court in *Cosper v. Frederick,* 73 B.R. 636 (Bankr. N.D.Fla.1986), held that a complaint is "filed" upon receipt of the complaint by the clerk of the court, even though the clerk returned the complaint to the complainant due to lack of a cover sheet and a filing fee. The court noted that the purpose of filing deadlines was served by the complainant's filing its complaint, though defective, before the set time limit. *Id.* The Eleventh Circuit Court of Appeals held in *Rodgers ex rel. Jones v. Bowen,* 790 F.2d 1550, 1552 (11th Cir.1986) that a complaint is filed when it is in the actual or constructive possession of the clerk of the court, regardless of whether the filing fee is paid in a timely manner.

 This Court finds that the document filed by the Plaintiffs with the Clerk of the Court on September 24, 1990 was timely under Bankruptcy Rules 4007(c) and 4004(a). The Clerk received the document before the running of the time limit and, from the document's language, was able to discern that the document was a defectively filed complaint. The subsequent agreement to stamp the document as received on

September 24, 1990 pending submission of a corrected complaint also persuades this Court that the purposes of finality and efficient determination were served by the Plaintiffs' filing. The procedure of the Clerk's office of delaying stamping of a complaint or objection accompanied by a motion for *pro hac vice* until the *pro hac vice* motion is granted cannot be allowed to deprive the Plaintiffs of their complaint. Based on the foregoing, the Defendants' motion to dismiss the Plaintiffs' complaint and objection for untimely filing is due to be denied.