In re Richard N. JAGITSCH,
Glenna C. Jagitsch.

**UNION PLANTERS BANK OF CENTRAL ARKANSAS, N.A., Plaintiff,**

**v.**

**Richard N. JAGITSCH, Defendant.**

**Bankruptcy No. 96–41433 S.**
**Adv. No. 96–4133.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 8, 1996.

---

Kent Tester, Clinton, AR, for Plaintiff.

Audrey R. Evans, Little Rock, AR, for Defendant.

Richard L. Cox, Trustee, Hot Springs, AR.

*ORDER DENYING IN PART, AND GRANTING IN PART, MOTION TO DISMISS*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendants' "Motion to Dismiss Objection

to Discharge, Motion to Dismiss Amended Complaint, and Motion to Dismiss Complaint, or, in the alternative, Motion to Dismiss Defendant Glenna C. Jagitsch from this Adversary Proceeding and Motion to Dismiss Certain allegations for Failure to State a Claim upon which Relief can be Granted and for Failure to Plead Fraud with Particularity," filed on September 11, 1996, to which the plaintiff responded on September 30, 1996. The plaintiff also filed a Motion for Leave to File a Second Amended Complaint, on September 30, 1996, within its response.

 In deciding a Motion to Dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1957). Dismissal is proper when a complaint clearly shows a plaintiff cannot recover under any circumstances. *Bramlet v. Wilson,* 495 F.2d 714 (8th Cir.1974). The law is clear that Rule 8, Federal Rules of Civil Procedure, is to be liberally construed and motions to dismiss are disfavored.

 The defendants first argue that the proceeding should be dismissed because, although the complaint asserts that it is an "objection to discharge," there are no allegations under section 727, the Bankruptcy Code provision relating to objections to discharge. The defendants also seek dismissal because the complaint does not contain all requisite jurisdictional statements, *i.e.,* fails to describe the proceeding as either "core" or "noncore" as required by Rule 7008(a). While it is true that the original and amended complaint contain these pleading errors, the errors are not grounds for dismissal. Indeed, Rule 7015 requires that leave to correct such errors be "freely" given. *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989) ("As explained by the Supreme Court, absent a good reason for denial—such

as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted."). Finally, although the pending complaint incorrectly describes the action as an objection to discharge, it clearly sets forth allegations asserting a cause of action objecting to the dischargeability of a debt under section 523(a)(2). There is no question that defendants are on notice of the specific nature of the action and the facts upon which the objection to *dischargeability* is based. Accordingly, the motion to dismiss on these grounds will be denied and the amendment permitted.

 Defendants argue that an amendment, filed after the time for filing objections to the dischargeability of the debt, must be dismissed as untimely. The complaint in this adversary proceeding was timely filed on July 8, 1996, and, prior to the time a responsive pleading was filed, amended pursuant to Rule 7015, Federal Rules of Bankruptcy Procedure. Again, the complaints, although incorrectly describing the action as an objection to discharge, clearly set forth allegations asserting a cause of action objecting to the dischargeability of a debt under section 523(a)(2). Thus, defendants are on notice of the specific nature of the action and the facts upon which that cause is based. The cause of action plainly alleges sufficient facts constituting a cause of action with the scope of section 523(a)(2) and Rule 9(b), Federal Rules of Civil Procedure. Thus, the amended complaint, filed on September 3, 1996, which contained substantially the same allegations, stating the same cause of action, related back to the timely, original complaint. *Mission Viejo National Bank v. Englander (Englander),* 92 B.R. 425 (Bankr. 9th Cir. 1988); *Koppel v. Koppel,* 165 B.R. 376 (Bankr.E.D.N.Y.1994).

 Finally, the defendant Glenna Jagitsch urges that she be dismissed inasmuch as there are no factual allegations in the complaint that she in any manner acted

fraudulently. The Court agrees. Each of the allegations pertinent to a cause of action under section 523(a)(2) describe only actions of the debtor Richard Jagitsch. Indeed, the complaints filed in this action, including the proposed Second Amended Complaint, do not even assert the conclusion that Glenna Jagitsch acted fraudulently. Since no cause of action is stated against her, she will be dismissed as a defendant. Based upon the foregoing, it is

**ORDERED:** as follows:

1. The "Motion to Dismiss Objection to Discharge, Motion to Dismiss Amended Complaint, and Motion to Dismiss Complaint, or, in the alternative, Motion to Dismiss Defendant Glenna C. Jagitsch from this Adversary Proceeding and Motion to Dismiss Certain allegations for Failure to State a Claim upon which Relief can be Granted and for Failure to Plead Fraud with Particularity," filed on September 11, 1996, is DENIED to the extent it seeks dismissal against Richard N. Jagitsch, and GRANTED as against Glenna C. Jagitsch. Glenna C. Jagitsch is dismissed as a party defendant to this adversary proceeding.

2. The Motion for Leave to File Amended Complaint is granted. Although a Second Amended Complaint is in the Court file, the Court deems it appropriate that a Third Amended Complaint be filed in order to ensure that the record clearly contains all appropriate jurisdictional statements and reflects that Glenna Jagitsch is not a party defendant to this action. The plaintiff shall file a Third Amended Complaint within ten (10) days of entry of this Order.

3. The defendant shall answer or otherwise respond to the Third Amended Complaint within ten (10) days of service of that complaint.

**IT IS SO ORDERED.**