In re Thomas A. **GOSCICKI**, Debtor.

Marilyn **SCHMIDT**, Appellant,

v.

Thomas A. **GOSCICKI** and Alfred Siegel, Trustee, Appellees.

BAP No. CC–94–2138–HVO.
Bk. No. LA93–19414–CA.
Adv. No. LA–94–02154–CA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Nov. 20, 1996.

Decided Feb. 25, 1997.

Alex P. Aghajanian, Pasadena, CA, for Marilyn Schmidt.

Michael H. Candiotti, Encino, CA, for Thomas A. Goscicki.

Before HAGAN, VOLINN, and OLLASON, Bankruptcy Judges.

## *OPINION*

HAGAN, Bankruptcy Judge:

### FACTUAL STATEMENT

Marilyn Schmidt ("Appellant") appeals an order granting Thomas Goscicki's ("Debtor") motion for summary judgment in an adversary proceeding. We affirm.

On April 24, 1992, the Appellant filed an action against the Debtor in the California Superior Court. The complaint was based on the following causes of action: breach of contract, intentional misrepresentation of fact, negligent misrepresentation of fact, breach of the implied covenant of good faith and fair dealing, tortious breach of contract, conversion, payment on bond, rescission and restitution, and constructive trust. The Appellant was represented by Alex P. Aghajanian, Esq.[1] in both the Superior Court action

---

1. Mr. Aghajanian is also a named appellant in this case.

and an adversary proceeding before the bankruptcy court.

These causes of action arose from an agreement between the parties to develop lots owned by the Appellant and as a result of the recordation of certain deeds. The Debtor filed a cross-complaint against the Appellant in state court.

On March 18, 1993, the Debtor filed for relief under chapter 7, title 11, United States Code.[2] The Debtor listed the Appellant as a creditor and the Appellant's claim on schedule "F" was listed as an unliquidated, disputed claim. The Appellant's name and her attorney's name and address appeared in the Creditor's Matrix. On March 18, 1993, Debtor's counsel served written notice of the bankruptcy filing upon counsel for the Appellant. On March 25, 1993, Debtor's counsel served additional written notice of the bankruptcy filing upon the Appellant's counsel. On March 29, 1993, the Clerk of the Bankruptcy Court served a "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code" on the Appellant.

On April 21, 1993, the Appellant and her attorney attended the meeting of creditors held pursuant to Section 341(a). Appellant's attorney participated in the meeting and questioned the Debtor under oath.

On April 2, 1993, Appellant filed an "Application to Remove the Superior Court case to Bankruptcy Court." On June 7, 1993, at a hearing before the bankruptcy court regarding Appellant's removal of the Superior Court case, the case was remanded to the state court. Appellant's counsel prepared the resulting order granting relief from the automatic stay to allow the debtor to proceed in the Superior Court. The order remanding the case to the Superior Court was signed on June 24, 1993, three (3) days after the cut-off date for filing exceptions or objections to discharge in the bankruptcy case.

On July 20, 1993, the Clerk of the Bankruptcy Court issued a notice of the Debtor's discharge pursuant to Sections 524 and 727. On August 1, 1993, Debtor's counsel served

written notice of the discharge upon Appellant's counsel. The Appellant continued to prosecute her Superior Court action against the Debtor despite this notice. The Debtor filed a motion for contempt, heard on February 24, 1994, that was denied. The Debtor then filed a complaint seeking a determination of the status of Appellant's claim based on the fact the bankruptcy case had been discharged. The Appellant filed a motion to dismiss that was denied, and an answer to Debtor's complaint. The Debtor then filed a motion for summary judgment. At a hearing on August 22, 1994, this motion was granted. The summary judgment order was entered on September 6, 1994.

## ISSUE PRESENTED

Did the bankruptcy court err in granting Debtor's motion for summary judgment?

## STANDARD OF REVIEW

█ A summary judgment is reviewed de novo, as are the court's conclusions of law determined therein. *Wolkowitz v. Shearson Lehman Brothers, Inc. (In re Weisberg)*, 193 B.R. 916, 921 (9th Cir. BAP 1996); *In re Florida*, 164 B.R. 636, 639 (9th Cir. BAP 1994).

> [F]indings of Fact and Conclusions of Law ... may be dispensed with pursuant to Fed.R.Civ.P. 52(a), made applicable in adversary proceedings through B.R. 7052. Because of the nature of summary judgment, such "findings" are not findings of fact in the conventional sense that the trial court has weighed the evidence and resolved disputed factual issues. The "clearly erroneous" standard of B.R. 8013 is therefore inapplicable. *See Heiniger v. City of Phoenix*, 625 F.2d 842, 844 (9th Cir.1980) (citations omitted).

*American Federation of State, County and Municipal Employees, Local 2051 v. Stephens, (In re Stephens)*, 51 B.R. 591, 594 (9th Cir. BAP 1985). This Panel stands in the same position as the court below in applying

---

**2.** Unless otherwise indicated, all references to "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy

Procedure ("Fed.R.Bank.P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.")

the standards set forth in Fed.R.Civ.P. 56(c). *In re Stephens,* 51 B.R. at 595.

> In deciding whether to affirm, this Court applies the standard contained in Fed. R.Civ.P. 56(c) and Fed.R.Bank.P. 7056(c), i.e., whether "after viewing all evidence and factual inferences in the light most favorable to the non-moving party, that there are no genuine issues of material fact and that the moving party is entitled to prevail as a matter of law."

*Parkhill v. Nusor (In re Nusor),* 123 B.R. 55, 57 (9th Cir. BAP 1991); quoting *In re Pioneer Technology, Inc.,* 107 B.R. 698, 700 (9th Cir. BAP 1988).

### Record of Proceedings

The record of proceedings presents the following facts. Appellant Marilyn Schmidt was listed as a creditor and her claim was scheduled in the chapter 7 case filed by the Debtor on March 18, 1993. The Appellant's state court attorney, Alex Aghajanian, had actual notice of the chapter 7 case filing not later than March 23, 1993. The Appellant had actual knowledge of Debtor's chapter 7 filing on April 21, 1993, which was 60 days prior to the June 21, 1993, dischargeability complaint deadline when she and her attorney attended the Meeting of Creditors pursuant to Section 341(a). The Appellant did not file a complaint to determine dischargeability, as required by Section 523(c)(1).

The June 24, 1993, order remanding the case to state court contained the following language: "[t]he automatic stay provisions shall not apply to this proceeding and … Marilyn Schmidt.. may proceed against DEFENDANT and DEBTOR, Thomas A. Goscicki … in those certain State Court proceedings…." The court also issued an order providing relief from the stay order.

### Appellant's Contentions

The Appellant argues the debt was not discharged under Debtor's chapter 7 discharge for the following reasons: the adversary proceeding cover page operates as a bar to dischargeability, the bankruptcy court removed (remanded) the action to state court, and the "unique circumstances" doctrine should be invoked to operate as a bar to dischargeability since the Appellant relied on the court's remand.

### Discussion

■ On April 2, 1993, the Appellant's attorney signed an adversary proceeding cover sheet. Under the section *"Cause of Action"* had been typed "Fraud in the sale and transfer of real property pursuant to 11 U.S.C. Section 523." The section of the form marked *"Nature of the Suit"* had a box labeled "To determine the dischargeability of a debt 11 U.S.C. § 523." This box was not checked. This document was not file stamped, there was no Notice of Service attached, and no adversary proceeding number. The adversary proceeding cover sheet was insufficient to operate as a complaint to determine dischargeability.

A chapter 7 discharge serves to release an individual from a debt provided the debtor has complied with certain Code provisions. The Debtor listed the lawsuit with the Appellant on his schedules. The discharge would serve to void any potential judgment that the Appellant might recover unless the debt fell into certain categories.

Section 523 provides for various exceptions from discharge:

> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>>
>>> (A) false pretenses, or actual fraud …
>>
>> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny,

Section 523(a)(2)(A). If a debt falls under this category, Rules 4004(a) and 4007(c) provide that a complaint to determine dischargeability of a debt shall be filed "not later than 60 days following the first date set from the meeting of creditors held pursuant to § 341(a)." In this case, the meeting of creditors took place on April 21, 1993; the claims cut-off date was June 21, 1993.

Section 524(a)(1) provides that a discharge:

> (a) (1) voids any judgment at any time obtained, to the extent that such judgment

is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, ... of this title, whether or not discharge of such debt is waived,

(a)(2) operates as an injunction against the commencement or continuation of an action. . . .

The Appellant argues that because the state court complaint was part of the removal application, the bankruptcy court and the Debtor had sufficient notice of the potentially non-dischargeable fraud issues. Since the bankruptcy court then concluded the matter should be remanded to the state court, and was aware of the allegations of fraud, theft, and defalcation, and the Appellant relied on that order, she should not be precluded from raising the non-dischargeability issue.

In *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145 (9th Cir.1993), the bankruptcy court barred further proceedings against a discharged debtor in state court.

> Debts set forth in 523(a), including debts for fraud, are excepted from discharge in bankruptcy. However, § 523(c) specifies that some of these non-dischargeable debts, including debts for fraud, will be discharged unless the creditor requests the bankruptcy court to determine the dischargeability of the claim. Rule 4007 imposes a strict 60–day time limit for filing complaints to determine dischargeability of debts listed in § 523(c).

*Id.* at 146. In *In re Kennerley* the discharged creditor had raised arguments similar to those raised by the Appellant in this case; some action by the creditor other than filing a complaint to determine dischargeability operated to relieve the creditor of that requirement, and unique circumstances would permit an untimely claim of non-dischargeability. The creditor had argued that his motion for stay relief was a valid complaint to determine dischargeability. The court noted that the motion and notice of the motion did not mention Section 523(c).

In the instant case, the Appellant attempts to distinguish *In re Kennerley* by arguing that her motion was one to remand, not merely a motion for stay relief. This distinction is not the basis of the *Kennerley* decision, where the court determined that the creditor did not intend for the motion to serve as a complaint based on the failure to mention Section 523(c).

The Appellant further argues that the notice to the bankruptcy court of potentially non-dischargeable claims is sufficient to prevent her from being discharged. This type of "notice" does not substitute for the filing of an adversary proceeding specifically objecting to a debtor's discharge.

The Appellant argues that under the Bankruptcy Appellate Panel decision in *Aldrich v. Imbrogno (In re Aldrich)*, 34 B.R. 776 (9th Cir. BAP 1983), the bankruptcy court should not have discharged the debtor until the state court ruled on issues relating to dischargeability. In *In re Aldrich* the bankruptcy court exercised its discretion in granting relief from the automatic stay. The Bankruptcy Appellate Panel found that the bankruptcy court, on the facts before it, had concurrent, not exclusive jurisdiction over the dischargeability determinations under section 523(a) and therefore remanded. However, *In re Aldrich* is distinguished from the instant case. Here the bankruptcy court responded to Appellant's remand request that the state court determine the Appellant's claims, and, in effect, abstained from hearing the claims issues in favor of the state court. The court was not presented with nor did it rule on any issue relating to dischargeability. Yet, as indicated in *In re Aldrich*, dischargeability issues relating to the type of action brought by Appellant, primarily tortious conduct under sections 523(a)(2), (4), (6), are within the exclusive jurisdiction of the bankruptcy court.

> For our purposes, the exceptions to discharge are divided into two major groups; those debts as to which the bankruptcy courts have exclusive jurisdiction to determine exceptions from discharge and those debts where the bankruptcy court does not have such exclusive jurisdiction. This grouping is created by 11 U.S.C. Section 523(c) which gives bankruptcy courts exclusive jurisdiction to determine the dischargeability of debts under 11 U.S.C. Section 523(a)(2), (fraud or deception); (a)(4),

(fiduciary fraud, embezzlement or larceny); and (a)(6), (wilful and malicious injury to person or property).

Bankruptcy Rule 409, which was then applicable, set forth the procedures for determining dischargeability of a debt in the bankruptcy court. Rule 409(a)(1) requires that an adversary proceeding be initiated to determine dischargeability under 11 U.S.C. Sections 523(a)(2), (a)(4), and (a)(6). A complaint must be filed in the bankruptcy court within the period set by the court. B.R. 409(a)(2). Failure to initiate timely an adversary proceeding for dischargeability under these subsections of 11 U.S.C. Section 523 may result in discharge of a debt despite the fact that it might be of a character that would otherwise be excepted from discharge.

*In re Aldrich,* 34 B.R. at 779–780 (citations omitted).

■ The trial court's ruling did not relieve the Appellant of the creditor's obligation, under 4007(c), to file an action for a determination of the dischargeability of the claim.

The Appellant argues that if the court had retained jurisdiction of the case, it would have ruled on the dischargeability of the claim. The court remanded the case to state court for ruling on the state claims and has no obligation to manage the creditor's case.

There are no material facts in dispute in this case. The statutes and rules prescribe a particular avenue for claim dischargeability. The Appellant did not pursue it.

### Unique Circumstances

■ The Appellant alleges she has a right to continue with the state court claim under the "unique circumstances" doctrine. "[A]lthough courts within the Ninth Circuit have indicated in dicta that there is an exception to Rule 4007(c)'s time limit for 'unique' or 'extraordinary circumstances', the validity of the doctrine remains doubtful." *In re Kennerley,* 995 F.2d at 147. (footnote omitted). In *Classic Auto Refinishing v. Marino (In re Marino),* 37 F.3d 1354, 1357 (9th Cir.1994), the court noted the repudiation of the "unique circumstances" doctrine in *Kennerley* and held that if "equitable powers to extend the time for filing under section

4007(c) exist at all, they are limited to 'situations where a court explicitly misleads a party.'" (quoting *In re Kennerley,* 995 F.2d at 148). In the present case the order of the court remanding the Appellant's cause of action to state court did not serve to mislead the creditor.

The bankruptcy court was within its discretion to remand a state cause of action with numerous parties to state court. The remand does not serve to vitiate the responsibility of the creditor to comply with the bankruptcy code and the rules in filing a creditor's claim. The court provided the required notice to the Appellant. There is nothing in the record which would indicate the court misled the creditor or in any way contributed to Appellant's failure to comply with the requirement of section 523.

Looking at the matter in hindsight, it may be, in light of the motion's obscurity of purpose, that inquiry and a considered review might have developed a dischargeability purpose in Appellant's motion. However, it was not the court's obligation to enquire of counsel as to whether he intended to pursue an alternative course as to dischargeability. There is no demonstration here that the court clearly and actively engaged in a material misdirection of a litigant. Such a showing is a prerequisite to invocation of the doctrine of unique circumstances.

Any pre-petition obligation owing by the Debtor to the Appellant was discharged pursuant to the Discharge of Debtor issued in the chapter 7 case on July 20, 1993. **WE AFFIRM.**