**In re Sharon R. LITTLE, Debtor.**

**Bankruptcy No. 97-26819 (NLW).**

United States Bankruptcy Court, D. New Jersey.

April 9, 1998.

Sirkis & Lavery by Micheal B. Goldstein, Hackettstown, NJ, for Chris and Margaret Schneider.

Dean G. Sutton, Sparta, NJ, for Debtor.

## PRELIMINARY STATEMENT

NOVAYLN L. WINFIELD, Bankruptcy Judge.

The instant matter is before the court by way of motion, brought by creditors, Chris and Margaret Schneider (the "Schneiders") requesting leave to amend the Objection to Discharge which requests a denial of the

debtor's discharge under sections 727(a)(2)(B) and 727(a)(6)(A) of the United States Bankruptcy Code (hereinafter the "Code" or "Bankruptcy Code"). They seek permission to include the necessary averments to transform the objection into a complaint. The Schneiders postulate that the deficient "Objection to Discharge" substantially complies with the requirements of a complaint under Rule 8 of the Federal Rules of Civil Procedure ("F.R.C.P."), thereby, adequately providing the debtor with notice of the nature of the cause of action asserted. The debtor, Sharon R. Little (hereinafter "Little" or "Debtor") objects to the aforesaid motion on the grounds that the Schneiders defective complaint falls shy of the requirements of Rule 4004(a) of the Federal Rules of Bankruptcy Procedure ("B.R.") and, correspondingly, is an untimely attempt to commence a discharge action. Little further objects to the Schneiders motion on the grounds of improper service and lack of notice. Little contends that since the defective complaint was not a pleading she in turn was not properly served and, therefore, received inadequate notice. As set forth herein, the court finds that the Schneiders objection substantially complies with F.R.C.P. 8 and B.R. 7008 and, as such, suffices as a complaint. Additionally, the court finds that the complaint may be amended, and that the amendments are deemed to relate back to the filing of the Objection to Discharge.

The court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157(b)(2)(A), (J) and (O), and the Standing Order of Reference by the United States District Court for the District of New Jersey, dated July 23, 1984.

### STATEMENT OF FACTS

On September 15, 1995, the Schneiders sold their business known as "Country Sundays" to Little. The Schneiders took a note and mortgage for $30,000 as a part of the sale transaction. The terms of the mortgage provided for Little to pay a total of $30,000.00 in monthly installments of $500.00 until the full amount of the loan was paid. Little made five (5) payments under this agreement, and the Schneiders' have re-ceived no further payments since January 29, 1996.

The Schneiders filed a complaint against Little for the outstanding balance of the loan. Little was served on July 12, 1996. Sometime in August of 1996 Little refinanced her marital home, eliminating the equity in the property.

On December 9, 1996 the Sussex County Supreme Court granted Summary Judgment in favor of the Schneiders for the sum of $30,432.49. On June 4, 1997 the Schneiders sent a Sussex County Sheriff to levy on all the personal assets of Debtor. The sheriff did not effect a levy because Little claimed that all of the personalty in the home was not her property, but, rather, belonged to her husband.

On June 10, 1997, Little filed for relief under Chapter 7 of the Bankruptcy Code. The 341(a) meeting of creditors was scheduled for September 4, 1997 and, pursuant to the Bankruptcy Code, the deadline for filing objections to discharge or the dischargeability of a debt was set for November 3, 1997. The Schneiders and their counsel attended the § 341(a) meeting and questioned the Debtor. Apparently desiring more information they scheduled a B.R. 2004 examination which was held on October 30, 1997. The Schneiders claim that Little failed to produce the documents requested as part of the examination. Little denies this allegation.

On October 31, 1997 counsel for the Schneiders filed a pleading entitled "Objection to Discharge." The objection was not filed as an adversary proceeding as required by B.R. 7001. In essence, the pleading recited the facts set forth above and requested denial of Little's discharge pursuant to Code §§ 727(a)(2)(B) and 727(a)(6)(A). On November 17th Schneiders' counsel received a letter from the bankruptcy court, dated November 10, 1997, which acknowledged receipt of the objection and pointed out that in order to commence a discharge proceeding a complaint must be filed within the filing period allowed for the commencement of adversary proceedings.

Counsel for the Schneiders filed a "Motion Requesting Leave to Amend Informal Com-

plaint," on December 5, 1997. The Schneiders' counsel urges the court to find that the Objection to Discharge substantially complies with the requirements for a complaint under F.R.C.P. 8 and B.R. 7008 because the pleading provided Little with notice of the nature of the cause of action. The Schneiders further contend that the amended pleading should relate back to the original filing date, thus complying with the deadline for filing a discharge action.

In retort, Little opposes the Schneiders' motion alleging that the Objection to Discharge is plainly not a complaint as required by B.R. 4004(a). Resultantly, Little concludes that the Schneiders failed to timely commence a discharge action because they failed to file a complaint by the deadline. Little's counsel further alleges that she was not properly served since the pleading was not a complaint and adequate service requires a complaint to be served together with the summons. Consequently, Little did not have "notice" of the adversary proceeding within the time frame set by B.R. 4004.

### DISCUSSION

In determining the within motion, the court must weave its way through the interplay of B.R. 4004 and Part VII of the Federal Rules of Bankruptcy Procedure. As a threshold matter, B.R. 4004 sets out the necessary criterion and time frame to commence an action to deny discharge pursuant to section 727(a) of the Code. B.R. 4004(a) reads in relevant portion:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Fed.R.Bankr.P. 4004(a).

In addition, subsection (d) of the rule explicitly provides that complaints objecting to discharge are governed by part VII of the Federal Rules of Bankruptcy Procedure.

■ It is clear that the foregoing rule plainly requires that an objection to discharge must be instituted by the filing of a complaint. The clarity of B.R. 4004(a) is reinforced by other bankruptcy rules which govern this matter. B.R. 7001 sets forth the type of actions which require adversary proceedings. Specifically, B.R. 7001(4) defines an adversary proceeding as a proceeding "to object to or revoke discharge," and B.R. 7003, which incorporates Rule 3 of the Federal Rules of Civil Procedure, provides that a "civil action is commenced by filing a complaint with the court."

Accordingly, the second tier of the court's analysis requires inquiry as to what constitutes a complaint. B.R. 7008 elucidates this matter, for it discusses the general rules of pleading. In particular, B.R. 7008 adopts F.R.C.P. 8 which requires that:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed.R.Civ.P. 8.

Additionally, B.R. 7010 details with greater specification the caption and other technical information that every complaint should contain. To wit, the caption of the pleading must include the name of the case, the case number, the chapter of the case under the bankruptcy code to which the adversary proceeding relates to, and the adversary proceeding number. *See* Fed.R.Bankr.P. 7010, *See also* Fed.R.Civ.P. 10.

Applying the foregoing rules to the Objection to Discharge it is readily apparent that on its face, it cannot, in the strictest sense, be considered a complaint as it fails to meet most of the pleading requirements established by the rules. Little urges the court to so find, and cites the court to *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986) and *In re Ham*, 174 B.R. 104 (Bankr.S.D.Ill.1994) for the proposition that the rules should be construed strictly and in favor of the debtor. Little further submits that if the court finds

that the objection is not a complaint it must also conclude that no complaint was filed prior to the deadline established by B.R. 4004(a). Little also argues that since the Schneiders did not timely move under B.R. 4004(b) to extend the deadline, they are now completely time barred from filing a complaint.

■ Little's approach to the matter before the court certainly has some merit. By requiring strict compliance with deadlines and pleading requirements the goal of efficient and economical administration of bankruptcy cases is met. Moreover, it does not seem unreasonable to charge a law firm, particularly one that practices in this court, with knowledge of the requirements of the rules. Finally, such an approach is also consistent with the Congressional policy of protecting a debtor's fresh start. *See, Ham,* 174 B.R. at 107.

■ However, this court believes that such an approach is inequitable where, as in the instant case, the pleading provides sufficient facts and reference to statutory sections to put the debtor on notice of the nature of the creditor's objection. It has long been understood that the discharge in bankruptcy belongs to the honest but unfortunate debtor. *See Grogan v. Garner,* 498 U.S. 279, 280, 111 S.Ct. 654, 655, 112 L.Ed.2d 755 (1991) (finding that the discharge in bankruptcy "limits the opportunity for a completely unencumbered new beginning to the honest but unfortunate debtor"), *In re Cohen,* 106 F.3d 52, 59 (3rd Cir.1997) (stating that discharge is for the "honest but unfortunate debtor"). Implicit in this observation is the notion that a debtor who has committed acts of misfeasance or malfeasance is not entitled to a discharge. Therefore, the court finds that it would be inequitable and unjust to dismiss at the outset what may be a meritorious objection simply because it is stylistically imperfect.

### THE FLEXIBLE CONSTRUCTION OF PLEADINGS

*1) A Sufficient Pleading Is One Which Substantially Complies With The Requirements*

■ Generally speaking, most courts are willing to overlook deficiencies in a pleading, including errors in presenting a complaint as a motion and vice versa, so long as the pleading substantially complies with the rules of pleadings. *See In re Magnus,* 84 B.R. 976, 979 n. 8 (Bankr.E.D.Pa.1988). Such pleading deficiencies are considered harmless error when it can be demonstrated that there exists no prejudice to the non-moving party because the filed pleading provides the non-movant with notice of the nature of the pending litigation. *See In re Treiling,* 21 B.R. 940, 941 & n. 1, (Bankr.E.D.N.Y.1982) (motion filed in turnover action instead of complaint), *In re Futrell,* 69 B.R. 378, 380–81 (Bankr.W.D.La.1987) (motion used to raise section 727 objection), *In re King,* 35 B.R. 471, 475 (Bankr.N.D.Ill.1983) (motion used to raise section 727 objection); *See also Fed. R.Bankr.P.* 7001 and 9014.

■ In further support of a liberal construction of pleadings, F.R.C.P. 8(f) empowers the courts to temporarily overlook deficiencies in pleadings in order to construe them in a manner that does substantial justice. Under the view of flexible construction, the rules governing the form of pleading should be liberally construed, and motions to dismiss complaints based on pleading errors are to be disfavored. *In re Jagitsch,* 201 B.R. 961, 963 (Bankr.E.D.Ark.1996). Courts adopting this view ignore the deficient format of the pleadings and instead focus on the substance of the document in determining whether the pleading substantially complies with the required elements of F.R.C.P. 8— the most important element being the adequacy of notice. *See In re Marino,* 37 F.3d 1354, 1357–58 (9th Cir.1994) (holding that notice of the nature of the relief claimed is the primary criterion in determining whether a deficient pleading constitutes a complaint under Rule 7008).

For example, in *In re Pace,* 130 B.R. 338, 339 (Bankr.N.D.Fla.1991) a case factually similar to the case at hand, the attorney for the moving party filed a signed document entitled "Objection to Discharge," together with a *pro hac vice* motion. The pleading was filed with the Clerk of the court on September 24, 1990, the last day for filing a

complaint. Upon learning that the pleading should have been encaptioned "complaint" rather than "objection", counsel phoned the Clerk's office to make certain that the document was stamped as received on September 24, 1990. The clerk agreed to stamp the pleading as received on the date in question with the condition that counsel submit a corrected pleading. This agreement, however, was contra to the everyday practice of the Clerk's office which was to date stamp *pro hac vice* motions only after they had been granted. The motion was later granted on September 28, 1990. At that time the Clerk's office also stamped the "Objection to Discharge," and sent counsel a copy and a notice of deficient filing. The notice stated that the pleading was received on September 23, which was within the time frame for the filing of an adversary proceeding.

In response to this chain of events, the debtor filed a motion to dismiss due to the untimely filing of the defective complaint. The *Pace* court, found that the complaint was timely filed, even though it was defective because "the Clerk received the document before the running of the time limit and from the document's language was able to discern that the document was a defectively filed complaint." *Pace*, 130 B.R. at 340.

The court in *Pace* observed that the bankruptcy court is "guided by the principles of equity" and that bankruptcy courts must act "to assure that 'fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.' " *Pace*, 130 B.R. at 339 (quoting *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985)).

In *In re Jagitsch*, the court allowed amendment of a complaint which incorrectly described an objection to dischargeability of a debt as an objection to discharge. The court allowed the moving party to amend the pleading because the allegations asserted in the objection to discharge provided the non-movant with notice of the nature of the adversary proceeding and the basis of their objection to dischargeability of the debt. The *Jagitsch* court held that such amendment would not make the complaint untimely since the original complaint was filed timely, and the amendment related back to the date that the original complaint was filed. *Jagitsch*, 201 B.R. at 963.

In yet another instance, counsel for a creditor erroneously filed a motion in an attempt to initiate an adversary proceeding. The debtor moved to dismiss on the grounds that the deficient adversary proceeding failed to comply with B.R. 7010, and it failed to recite the statutory basis for the court's jurisdiction. The court held that dismissal was not warranted because the defective complaint did not hinder the non-moving party's ability to answer the complaint. Further, the complaint set forth sufficient grounds upon which the court could grant relief. The court also stated that it would only dismiss a similar case if it "appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *In re Gordon*, 164 B.R. 706, 707 (Bankr. S.D.Fla.1994).

Geographically closer to our jurisdiction, the bankruptcy court in *In re Rand*, 144 B.R. 253 (Bankr.S.D.N.Y.1992) held that a letter and supporting documents sent by a creditor prior to the bar date objecting to the dischargeability of her debt was adequate to constitute a complaint because it sufficiently described the basis for her objection. The court reviewed the letter and accompanying documents in light of F.R.C.P. 8(a) and found that the documents generally described the nature and extent of her claim, and also contained a reference to the name, number, and chapter of the case. Thus, the court concluded that the correspondence constituted a complaint.

In further clarifying what deficiencies in pleadings pass muster, the Bankruptcy Appellate Panel for the Ninth Circuit has set some limits as to what constitutes an adequate complaint. The court in *In re Goscicki*, 207 B.R. 893 (9th Cir. BAP 1997), held that an adversary proceeding cover sheet is insufficient to constitute a complaint since it does not substantially comply with the procedural requirements set forth in the Federal Rules of Bankruptcy Procedure. The cover sheet filed with the court failed to provide the non-moving party with notice as to the

nature of the adversary proceeding, was not file stamped, did not have an adversary proceeding number, and failed to attach a notice of service. The *Goscicki* court concluded that the moving party had to file a timely adversary proceeding in order to be able to proceed, and that the cover sheet did not fulfill the requirements of a complaint.

In the case of *In re Dominguez*, 51 F.3d 1502, 1509 (9th Cir.1995), the Ninth Circuit decided the adequacy of a "Discharge Memorandum" filed by a creditor instead of a complaint objecting to discharge. The court found that the Discharge Memorandum cited the statutory criteria on which the creditors relied, supplied facts which the creditors alleged satisfied the criteria, and requested relief in that they claimed that the debtor's obligation to them could not be discharged. *Id.* The Ninth Circuit panel stated, "we conclude that the Discharge Memorandum, although a deficient pleading, is sufficient to place the debtor on notice of the claim against him and substantially complies with the notice pleading requirements of Rule 7008." *Id.*

■ The facts in the instant case are distinguishable from *Goscicki* and analogous to *Pace, Jagitsch, Gordon, Rand,* and *Dominguez.* In the matter *sub judice,* counsel for the Schneiders filed a document entitled "Objection to Discharge." The document failed to state the jurisdictional grounds that empowers the court to hear this case, and also failed to state whether the proceeding was core or non-core as per B.R. 7008. Counsel also failed to obtain an adversary proceeding number, and did not obtain a summons. However, the caption does contain the name of the Debtor, the main case number and the chapter under which the case is proceeding. Most importantly, the pleading adequately sets forth a claim for relief under section 727 of the Bankruptcy Code. The Objection to Discharge alleges facts which the Schneiders contend evidence that with an "intent to hinder, delay or defraud a creditor or an officer of the estate . . ." the debtor has transferred, removed, destroyed, mutilated, or concealed property of the debtor, within the meaning of 11 U.S.C. § 727(a)(2).

It is apparent to the court that the very title of the "Objection to Discharge" and the description of the facts adequately put Little on notice of the relief that the Schneiders are seeking: the denial of the discharge. Inasmuch as the court finds that the Schneiders' Objection to Discharge is sufficient to constitute a complaint, the complaint is timely within the time frame established in B.R. 4004(a).

## 2) LEAVE TO AMEND A DEFECTIVE PLEADING:

■ Bankruptcy Rule 7015 states that a request for leave to amend a pleading error must be freely given to a party requesting leave when justice requires such leave to be granted. *In re Jagitsch,* 201 B.R. at 963; *In re Dunn,* 49 B.R. 547 (Bankr.W.D.N.Y.1985). Courts generally look at several factors in order to determine if a leave to amend should be granted in an adversary proceeding. As outlined by the Ninth Circuit in *In re Rogstad,* some of these factors include: undue delay, bad faith, futility of amendment, and prejudice to opposing party. *In re Rogstad,* 126 F.3d 1224, 1228 (9th Cir.1997). *See also* Fed.R.Bankr.P. 7015, and Fed.R.Civ.P. 15.

■ In the case at hand, the Schneiders filed a timely although defective pleading. The Schneiders have moved promptly to amend their deficient pleading in order to comply with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. The court finds that allowing the Schneiders leave to amend does not unduly delay the Debtor's receipt of any discharge to which she is entitled. The matter appears to be a relatively straightforward one. The Schneiders have already had some discovery, and there should be no difficulty in setting an early trial date, or a hearing date for a dispositive motion, if that is more appropriate. There exists no evidence of bad faith in the filing of the defective complaint. Furthermore, the deficient pleading provides the Debtor with notice as to the nature of the pending cause of action.

## CONCLUSION

■ In sum, this court believes that pleadings should be liberally construed so as

to do substantial justice to all parties. The substance of the Objection to Discharge is sufficient to constitute a complaint. As such, though deficient in format, it was timely filed, and may be amended.

In accordance with the aforesaid, the within Motion for Leave to Amend the Defective Complaint is hereby granted.