**In re John William KLACZAK, Debtor.**

No. 11 B 08863.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

July 27, 2011.

Kathy Wantuch, Hiltz & Wantuch LLC, Chicago, IL, for Debtor.

### ORDER ON MOTION TO VACATE ORDER OF DISCHARGE AND LEAVE TO AMEND OR ENLARGE TIME TO FILE ADVERSARY PROCEEDING (Dkt. No. 31)

JACQUELINE P. COX, Bankruptcy Judge.

Creditor Stephen J. Wragg, Jr. ("Creditor") asks that the Court vacate the discharge entered herein on June 21, 2011 and enlarge the time in which he may file an adversary proceeding.

For the reasons noted herein the Court grants the Creditor leave to file an adversary proceeding on or before August 12, 2011. The Court also vacates the discharge order entered on June 21, 2011.

Since 2002 the Creditor has engaged in litigation with the Debtor William Klaczak ("Debtor") involving allegations that the Debtor engaged in improper sexual contact with the Creditor while the Creditor was a minor. The original lawsuit included intentional tort claims and Section 1983 claims against a municipality. The district court ruled in favor of the municipality

regarding the Section 1983 claims on a motion for summary judgment and dismissed the state law claims, allowing the state law claims to proceed in state court. *Doe ex rel. Doe v. V. of T.*, 2008 WL 4450317 *11 (N.D.Ill. September 30, 2008). The Seventh Circuit Court of Appeals subsequently affirmed that ruling. *Wragg v. Village of Thornton*, 604 F.3d 464 (7th Cir.2010).

While the state law claims were pending the Debtor filed this case for protection under Chapter 7 of the Bankruptcy Code on March 3, 2011. The Creditor received notice of the filing and was informed of the June 20, 2011 deadline to object to the Debtor's discharge or to challenge dischargeability of certain debts. *See* Certificate of Notice which was served on the Creditor's Attorneys, Leahy and Hoste, on March 6, 2011. Bankruptcy Case. No. 11–08863, Dkt. No. 9.

On June 15, 2011, the Creditor filed a Motion to Lift Stay which included an Objection to Discharge and Dischargeability of Certain Debts. Bankruptcy Case 11–08863, Dkt. No. 15–2. The Creditor complained in that pleading that 11 U.S.C. § 523(a)(6) exempts from discharge debts arising out of willful and malicious injury by the debtor to another entity or to the property of another entity, citing *Tidwell v. Smith (In re Smith)*, 582 F.3d 767 (7th Cir.2009). That pleading included a copy of the complaint from the pending state court action along with the formal objection to the discharge of Debtor and to the discharge of certain debts arising out of the sexual assault.

The motion before the court seeks leave to file an adversary proceeding to reflect the matter objected to on June 15, 2011. The Debtor objects citing Federal Rules of Bankruptcy Procedure 4007(c), 7001(4) and 7004.

Fed. R. Bank. P. 4007(c) requires that complaints to determine the dischargeability of a debt be filed no later than 60 days after the date first set for the meeting of creditors, which in this case was April 19, 2011. *See* Bankruptcy Case No. 11–08863, Dkt. No. 9. Rule 4007(c) further provides that on motion of a party in interest, after hearing on notice, the court may for cause extend the time to file a complaint. Fed. R. Bank. P. 4007(c). The Debtor is correct in his assertion that the Creditor did not timely file a formal adversary proceeding. However, because the Creditor's June 15, 2011 pleading included a formal objection to which the state court complaint was attached, the Court finds that the Creditor's June 15, 2011 pleading complied with the substance of Fed. R. Bank. P. 4007(c) giving the Debtor sufficient notice that the Creditor objected to his discharge based on the sexual assault allegations.

Fed. R. Bank. P. 7001(4) provides that a proceeding to object to or revoke a discharge is an adversary proceeding. Fed. R. Bank. P. 7003 provides that Federal Rule of Civil Procedure 3 applies in adversary proceedings; that Rule indicates that "[a] civil action is commenced by filing a complaint with the court." The Court herein grants the Creditor leave to file a formal adversary proceeding, considering this to be an effort to amend the June 15, 2011 pleading. The Court is reminded that Fed. R. Bank. P. 7015, which covers the amendment of pleadings, provides at subsection (a)(2) that: "[t]he court should freely give leave when justice so requires." The Court finds that justice requires the amendment proposed herein to allow the resolution of the sexual assault allegations on the merits.

Fed. R. Bank. P. 7004 provides for the issuance of summons and the service of the same on entities and persons named as defendants in adversary proceedings. To

date the Creditor has not served the Debtor with a summons. The issuance and service of a summons must follow the filing of a formal adversary complaint.

The Debtor argues that the ruling in *In re Lopresti*, 397 B.R. 62, 66 (Bankr.N.D.Ill. 2008) requires the denial of the Creditor's motion herein. That case can be distinguished. There a creditor filed an adversary complaint two days after the deadline for filing such complaints. Extension of the filing deadline was sought after the deadline passed. In dismissing the untimely complaint, the court found that the record failed to demonstrate any equitable basis for avoiding or tolling the filing deadline. *Id.* at 67. The pleading filed herein by the Creditor before the deadline passed gave the Debtor full notice that the dischargeability of the sexual assault claim was in issue.

The Debtor also relies on *In re Dienberg*, 1995 WL 17005054 at *2 (Bankr. W.D.Wisc.1995). There a creditor, without filing a pleading objecting to the discharge of a debt before the deadline for filing an adversary complaint passed, asked the court to temporarily revoke the debtor's discharge after the deadline to file an adversary proceeding had passed. The request was denied as untimely. Here the Creditor's June 15, 2011 pleading includes most of what an adversary complaint should include except a formal title denoting it as an adversary complaint. For that reason, this Court declines to exalt form over substance by denying the Creditor an opportunity to resolve his claims.

In *In re Little*, 220 B.R. 13 (Bankr. D.N.J.1998) the court found that a creditor's filing of an Objection to Discharge was sufficient to constitute a complaint that, while deficient in form, was timely filed and could be amended. This Court agrees with that ruling.

The Motion to Vacate Order of Discharge of Debtor and for Leave to Amend Informal Complaint or Enlarge Time to File Adversary Proceeding is GRANTED.

The Creditor may file an adversary complaint herein on or before August 12, 2011.

The June 21, 2011 order of discharge is VACATED.