**In re Salvatore CALAFIORE, Debtor.**

**Carissa S. Sfakios, Plaintiff,**

**v.**

**Salvatore Calafiore, Defendant.**

**Bankruptcy No. 99–20127.
Adversary No. 99–2061.**

United States Bankruptcy Court,
D. Connecticut.

Aug. 2, 1999.

David A. Dee, Hartford, CT, for Plaintiff.

Jonathan G. Cohen, Hartford, CT, for Debtor–Defendant.

## RULING ON DEFENDANT'S· MOTION TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

The matter before the court is the defendant's motion to dismiss[1] as time-barred a complaint filed by Carissa S. Sfakios ("the plaintiff") to obtain a determination that a judgment debt which she holds against the debtor-defendant is non-dischargeable. The plaintiff filed an objection to the granting of the motion.

### II.

Salvatore Calafiore ("the defendant" or "the debtor") filed a Chapter 7 bankruptcy petition on January 13, 1999, listing the plaintiff as his sole creditor. The court's notice to creditors set April 19, 1999 as the bar date for filing complaints to determine dischargeability of certain debts. The plaintiff, then acting pro se, on April 22, 1999, filed a complaint, in letter form, for determination of the dischargeability of a judgment debt of $32,500 which she held against the debtor. The complaint states that the judgment debt, awarded by the Hartford Superior Court, arose from the

---

1. The motion fails to indicate the authority under which it is presented. The court construes the motion to be one under Fed. R.Civ.P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 7012(b) ("failure to state a claim upon which relief can be granted"). The motion also contains procedural defects, to which no objection has been made. *See* D. Conn. L. Civ. R. 9, made applicable by D. Conn. LBR 1001–1(b).

debtor's willful and malicious infliction of injury on the plaintiff, and was nondischargeable under Bankruptcy Code § 523(a)(6).

On April 19, 1999, the plaintiff had submitted by mail an "Adversary Proceeding Cover Sheet" ("the Cover Sheet"), a clerk's office form, which the plaintiff had signed, *inter alia*, identifying herself as the plaintiff, the debtor as the defendant, the bankruptcy case number, and stating that the cause of action was to determine the dischargeability of a debt under § 523(a)(6), and that the "debt was awarded to [the plaintiff] as a result of a civil suit against [the debtor] for a willful and malicious injury." (Cover Sheet.) The clerk's office, on April 23, 1999, issued a summons, with instructions to the plaintiff to serve it and the complaint within ten days and return the completed certificate of service to the court. The plaintiff has not returned the certificate of service. On June 22, 1999, David A. Dee, Esq. filed a notice of appearance as counsel for the plaintiff in the adversary proceeding.

On June 30, 1999, the debtor filed a motion to dismiss the complaint, contending that (1) the complaint filed after the April 19, 1999 deadline was untimely; (2) service was inadequate because the debtor was not served with a copy of the complaint and proof of service was not returned to the court; and (3) in the alternative, the plaintiff should "make a more definite statement as the complaint does not follow the requirement ... [of] a proper caption and numbered paragraphs."

The plaintiff, on July 12, 1999, filed an amended complaint, using the required caption and numbered paragraphs. On July 27, 1999, the plaintiff filed an objection to the debtor's motion to dismiss, tersely stating: "1. The plaintiff, being pro se at the time of the [commencement of the action] technically complied with all applicable Bankruptcy Codes (sic) and Rules." (Objection at 1.)

## III.

### A.

■ A proceeding to determine dischargeability of a debt is an adversary proceeding, Fed.R.Bankr.P. 7001, which must be "commenced by filing a *complaint* with the court." Fed.R.Civ.P. 3, made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7003 (emphasis added). Fed. R.Bankr.P. 4007(c) establishes a deadline of 60 days after the first date set for the creditors' Bankruptcy Code § 341 meeting for filing complaints objecting, under § 523(a)(6), to the discharge of a debt. Upon motion prior to the expiration of the 60–day period, the court may, for cause, extend the deadline. *Id.* "These rules are analogous to statutes of limitations and are strictly construed." *KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)*, 226 B.R. 627, 630 (8th Cir. BAP 1998). Since the plaintiff neither filed a complaint nor a motion for extension on or before April 19, 1999, the complaint, filed with the court on April 22, 1999, is subject to dismissal as time-barred.

### B.

■ The court has considered the question of whether the Cover Sheet, which the plaintiff submitted to the clerk's office, together with the filing fee, on April 19, 1999 may be construed as a complaint for the purpose of permitting the document which the plaintiff filed on April 22, 1999 to be treated as an amended complaint that relates back to April 19, 1999. *See* Fed.R.Civ.P. 15(c), made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7015. The court concludes no such construction is justifiable.

The Cover Sheet includes the following statements:

> This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a

complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary idices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint. The form is largely self-explanatory. (Emphasis in original.)

Cover sheets are not part of the filing in an adversary proceeding, are not docketed and are not meant to be served on opposing parties. In short, under the very language of the Cover Sheet and considering the purpose of its submission to the clerk of the court, the Cover Sheet cannot be treated as a cognizable substitute for a complaint. *Accord Bozeman*, 226 B.R. at 632 ("adversary cover sheets ... filed by the [plaintiff] before the final deadline for filing dischargeability complaints do not constitute pleadings"); *Schmidt v. Gosscicki (In re Goscicki)*, 207 B.R. 893, 896 (9th Cir. BAP 1997) ("the adversary proceeding cover sheet was insufficient to operate as a complaint to determine dischargeability"); *Wood v. Jasperson (In re Jasperson)*, 116 B.R. 740, 745 (Bankr. S.D.Cal.1990) ("... the cover sheet is not a substitute for required pleadings").

### IV.

For the foregoing reasons, the debtor's motion to dismiss is granted, and the complaint will be dismissed. It is

SO ORDERED.