In re Michael A. CASEY, Debtor.

Scott A. Mittman, Plaintiff,

v.

Michael A. Casey, Defendant.

Bankruptcy No. 04–52284.
Adversary No. 04–2224.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division at Columbus.

March 22, 2005.

Scott A. Mittman, Columbus, OH, Plaintiff/Attorney for Plaintiff.

Sara J. Daneman, Gahanna, OH, for Defendant.

Frederick M. Luper, Columbus, OH, Chapter 7 Trustee.

### MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss Adversary Proceeding ("Motion")(Doc. 5) filed by the Defendant and the response ("Response")(Doc. 6) filed by the Plaintiff. At issue is whether an electronically filed complaint ("Complaint")—which Plaintiff began to file shortly before midnight and completed filing shortly after—was untimely, thus requiring its dismissal.

### I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding. 28 U.S.C. § 157(b)(2).

### II. Factual and Procedural Background

On February 19, 2004, Defendant Michael A. Casey ("Casey" or "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On his Schedule F—Creditors Holding Unsecured Nonpriority Claims, the Debtor listed 104 creditors holding in excess of $2 million in claims. Among the creditors listed is the Plaintiff, Scott Mittman ("Mittman" or "Plaintiff"). Mittman is an attorney who provided legal services to Casey and who also regularly practices in bankruptcy

court. On February 22, 2004, the Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines ("341 Notice")(Doc. 6). The 341 Notice set the deadline for filing complaints objecting to the discharge of the Debtor, or to determine the dischargeability of a particular debt, for May 24, 2004. Mittman was served with a copy of the 341 Notice (Doc. 6, Certificate of Service).

Just prior to midnight on May 25, 2004, Mittman electronically filed an Adversary Proceeding Cover Sheet ("Cover Sheet") and checked the box indicating that the Complaint was for the recovery of money or property owing to him by Casey. The Cover Sheet was received by the Court and entered on the docket at eight minutes after midnight on May 25, 2004. The Notice of Electronic Filing reflects that Document Number 1 (the Cover Sheet)[1] "was received from Mittman, Scott entered on 5/25/2004 at 0:08 AM EDT and filed on 5/24/2004." At 12:14 a.m. on May 25, 2004, the Complaint was received by the Court and entered on the docket. The Notice of Electronic Filing for Document 2 (the Complaint) states that Document 2 "was received from Mittman, Scott A entered on 5/25/2004 at 0:14 AM EDT and filed on 5/25/2004." Although the Cover Sheet incorrectly states that the Complaint is for recovery of money or property, it in fact contains two counts: the first, for a determination under 11 U.S.C. § 523(a)(2) of the dischargeability of a debt in the amount of $14,150, and the second, for denial of the Debtor's discharge pursuant to 11 U.S.C. § 727.

### III. Legal Analysis

Based on the Court's receipt of the Complaint at 12:14 a.m. on May 25, 2004—

---

1. Despite the identification of this document on the docket sheet as a complaint, when the electronic document is opened, it is actually only the Cover Sheet.

the day following the deadline for filing complaints, Casey filed the Motion. Casey's Motion is based on Fed. R. Bankr.P. 4007(c), which provides that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c) further provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time [for filing]. The motion [to extend time] shall be filed before the time has expired." In this case, the sixtieth day after the conclusion of the meeting of creditors was May 24, 2004. No motion to extend time was filed by Mittman.[2]

This district began accepting electronically-filed pleadings on January 1, 2004, and made the electronic filing of documents mandatory on July 1, 2004. Thus, in late May 2004, while electronic filing was encouraged by the Court, it was still optional and Mittman could have filed the Cover Sheet, Complaint and summons in paper form by presenting them over the counter to an intake clerk. Effective January 1, 2004, the Court adopted Final Administrative Procedures for Electronic Case Filing ("Administrative Procedures"). In order to register as a user on the system, and to receive a password, an attorney is required to execute ECF Form No. 1, which is captioned "Filer Registration, Application for Password, Waiver of Notice and Service by Mail and Consent to Electronic Notice for Electronic Case Filing System." An attorney executing ECF Form No. 1 must declare, under penalty of perjury, that he/she "agree[s] to adhere to the United States Bankruptcy Court for the Southern District of Ohio Administrative Procedures for Electronic Case Fil-

ing." Mittman executed ECF Form No. 1 on January 26, 2004.

ECF Procedure 3 of the Administrative Procedures is captioned Consequences of Electronic Filing. Part (c) of ECF Procedure 3 states that "[f]iling a document electronically does not alter the filing deadline for that document. Unless otherwise ordered, filing must be *completed before midnight* local time where the Court is located in order to be considered timely filed that day." (Emphasis added.) Part (b) of ECF Procedure 3 provides that "[w]hen a document has been filed through ECF, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed. Except in the case of documents first filed conventionally, *a document filed through ECF is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.*" (Emphasis added.)

■ Relying on language found in the CM/ECF Attorney Manual ("Manual"), Mittman argues that the Complaint was timely filed. The Manual is available on the Court's website and its purpose is to provide step-by-step instructions for the filing of various documents. The first paragraph of the section of the Manual captioned "Adversary Case Opening for Attorneys" states: "[o]pening an [a]dversary proceeding involves entering the necessary information regarding the plaintiff, defendant, and basic statistical data. The complaint is incorporated into this process and will not need to be docketed separately." Thus, Mittman argues, once the cover sheet was electronically filed, there was no need to separately file the Complaint in order for the entire filing process to be deemed complete for purposes of meeting the deadline established by Fed. R.

---

**2.** In his Response, Mittman argues that there was no need to seek an extension of time because the Complaint was timely filed.

Bankr.P. 4007(c). The Manual, however, refers only to the "opening" of an adversary proceeding, not to the completion of filing, as required by ECF Procedure 3, or to a complaint's appearance on the docket as an official court document.

Further, a review of the Manual reflects that in order to complete the filing of a complaint in an adversary proceeding, some nineteen (19) steps must be followed. The sixteenth step permits the attorney to select and upload a complaint that is in a pdf format. The nineteenth step results in the issuance of the Notice of Electronic Filing. As set forth in the Manual, "[t]he Notice of Electronic Filing is the verification that the filing has been sent electronically to the court's database. *It certifies that this is now an official court document.*" (Emphasis added.)

Had Mittman initiated his lawsuit in the conventional manner, there is no question that it would have been untimely. Had the clerk's office been open all night, and had Mittman handed the Cover Sheet to an intake clerk just prior to midnight, with the Complaint following at 12:14 a.m., the filing obviously would have been late. Beginning the electronic filing process prior to midnight is not enough to save the Complaint. The filing must have been completed prior to midnight.

■ Rule 7003 of the Federal Rules of Bankruptcy Procedure makes Fed. R.Civ.P. 3 applicable to adversary proceedings. Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint with the court." Even if the Court were to accept Mittman's argument that the cover sheet was filed on May 24, 2004,

> [c]over sheets are not part of the filing in an adversary proceeding, are not docketed and are not meant to be served on opposing parties. In short, under the very language of the Cover Sheet and considering the purpose of its sub-

mission to the clerk of the court, the Cover Sheet cannot be treated as a cognizable substitute for a complaint.

*Sfakios v. Calafiore (In re Calafiore),* 237 B.R. 249, 252 (Bankr.D.Conn.1999). *See also Schmidt v. Goscicki (In re Goscicki),* 207 B.R. 893, 896 (9th Cir. BAP 1997)("The adversary proceeding cover sheet was insufficient to operate as a complaint to determine dischargeability."), *aff'd.,* 162 F.3d 1168 (9th Cir.1998), *cert. denied,* 526 U.S. 1099, 119 S.Ct. 1577, 143 L.Ed.2d 672 (1999).

■ While the Court is sympathetic to the difficulties faced by practitioners learning an entirely new filing system, the facts are that the Plaintiff is a bankruptcy attorney, knows the importance of the dischargeability/objection to discharge filing deadline, agreed to be bound by the ECF Administrative Procedures, and waited until the last minute to begin the electronic filing of the Complaint. Even if the Court were inclined to extend the deadline under its equitable powers, it is unable to do so. Absent an error by the Court resulting in a creditor missing the deadline, a bankruptcy court can extend the deadline only on motion filed before the deadline expires. *Ohio Farmers Ins. Co. v. Leet (In re Leet),* 274 B.R. 695, 697–98, 700–701 (6th Cir. BAP 2002).

Because the Court's Notice of Electronic Filing is the controlling document for establishing the date and time of filing and it reflects that the Complaint was entered on the docket on May 25, 2004 at 12:14 a.m., the Court finds that the Complaint was untimely filed. For these reasons, the Court will enter a separate order granting the Motion to Dismiss and dismissing the Complaint.

**IT IS SO ORDERED.**